UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
_____

In re:                                                                              BKY No. 09-50779

Dennis E. Hecker,

      Debtor.
_____

Randall L. Seaver, Trustee,                                  ADV No. 10-5032

      Plaintiff,

vs.

Dennis E. Hecker and
Christi M. Rowan,

      Defendant.
_____

# NOTICE OF HEARING AND EXPEDITED MOTION
# FOR PRELIMINARY INJUNCTION
_____

      1.        Plaintiff Randall L. Seaver, Trustee ("**Trustee**") for the Bankruptcy Estate of Debtor Dennis E. Hecker ("**Hecker**"), by his attorneys, moves the Court for a preliminary injunction and gives notice of hearing.

      2.        The Court will hold a hearing on this motion at 2:00 p.m. on October 6, 2010, in Courtroom 8 West, U.S. Bankruptcy Court, 300 South Fourth Street, Minneapolis, MN 55415.

      3.        As this Motion is brought on an <u>expedited basis</u>, any response to this Motion must be filed and served by delivery as soon as possible and suggestion is made that a response should be filed at least twenty-four (24) hours prior to the hearing. UNLESS A RESPONSE IS TIMELY SERVED AND FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. Debtor filed a Chapter 7 petition on June 4, 2009. The case is pending before this Court.

5. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§157 and 1334, Bankruptcy Rule 5005, 7065 and 7005 and Local Rule 7005-3. This motion arises under Bankruptcy Rule 7065 and 11 U.S.C. §§541 and 542.

6. Hecker's contempt for, and disregard of, his obligations as a debtor under the U.S. Bankruptcy Code continues unabated. Hecker has repeatedly lied to this Court regarding his assets and other matters.[1]

7. As detailed in the Complaint in this matter, Hecker represented to the Court, and to the Trustee, as to his life insurance policies (Statement of Financial Affairs):

| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | See Exhibit B (9) attached hereto. Some policies held by trusts. Records seized by debtor believes one policy has cash surrender value. |
| --- | --- |
| | - $12,000.00 |

8. Hecker led this Court and the Trustee to believe that, after his exemption of $8,400.00, <u>one</u> life insurance policy would have a remaining non-exempt cash value of $3,600.00. See, Exhibit A hereto (Debtor's Amended Schedule C).

9. The Trustee subsequently learned that Hecker received over $150,000.00 in cash value from his conversion of the concealed value of the insurance policies, in just the past few months.

---

[1] In a related vein, it appears that Hecker's criminal defense was provided at the taxpayers' expense while Hecker continued to fund his lavish lifestyle by converting bankruptcy estate assets.

2

10. On or about July 16, 2010, the Trustee learned that Hecker had deposited a $30,000.00 insurance check at 21st Century Bank and that the bank had, after opening the account, frozen the same and returned the funds to Hecker. That check related to Prudential policy 98 831 668 which was listed in Hecker's schedules. Hecker had attempted to pay certain personal expenses with the 21st Century Bank account before it was frozen. Copies of the checks, by which payment was attempted by Hecker, are attached to the Complaint as Exhibit F.

11. On or about July 19, 2010, Hecker turned over $30,000.00 to the Trustee by way of a trust account check from the account of Barbara J. May, Hecker's counsel. Hecker, through Ms. May, admitted that that the $30,000.00 was property of the bankruptcy estate. A copy of the email thread between Ms. May and the Trustee's counsel, Matthew R. Burton, is attached to the Complaint as Exhibit J. The source of the $30,000.00 paid to the Trustee was not disclosed.[2]

12. The Trustee received information that Hecker was utilizing a check cashing service named Your Exchange. On August 17, 2010, the Trustee filed a turnover motion seeking an order of this Court directing Your Exchange and Prudential to turnover records to the Trustee.

13. On or about August 27, 2010, the Trustee received documents from Your Exchange, a check cashing service, which indicated that Hecker and Christi Rowan have been using their services to cash certain checks. The documents from Your Exchange are attached to the Complaint as Exhibit H.

---

[2] The $30,000.00 paid to the Trustee was not necessarily the same $30,000.00 which had been deposited at 21st Century Bank.

14. Among the checks cashed by Hecker are four more checks liquidating Prudential insurance policies. Those checks are as follows:

|    | **Date** | **Amount** | **Contract** | **Check Number** |
|----|----------|------------|--------------|------------------|
| A. | 6/18/10  | $28,689.42 | 77 920 928   | 1641552008       |
| B. | 6/18/10  | $29,055.00 | 94 550 029   | 1740164944       |
| C. | 6/18/10  | $36,750.00 | 94 602 336   | 1740164946       |
| D. | 6/17/10  | $29,860.42 | 94 550 031   | 1740164894       |
|    | **TOTAL:** | **124,354.84** | | |

15. Hecker and Rowan have also been cashing Western Union money orders at Your Exchange which are generally in the amount of $1,000.00 per money order. See, for example, Complaint, Exhibit H.

16. Hecker and Rowan are converting assets of this bankruptcy estate and has no regard for the obligations imposed upon them by the bankruptcy laws. They have utilized prepaid MasterCards funded with Prudential proceeds. The MasterCard expenses are attached hereto as Exhibit B.

17. Attached hereto as Exhibit C are true and correct copies of pages of Hecker's Schedule B (as amended) with the attachment to Schedule B.

18. Attached hereto as Exhibit D is a true and correct copy of the documents provided to the Trustee, by 21st Century Bank, per order of this Court.

19. Attached hereto as Exhibit E are additional records received from Your Exchange.

20. Attached hereto as Exhibit F is a press release regarding Defendant Rowan's plea agreement.

21. The facts alleged in the Complaint are true and correct to the best of the Trustee's knowledge and information.

22. Expedited relief is required as property of the estate may be damaged, destroyed or converted absent a preliminary injunction.

4

23. The Trustee requests that the Court issue a Preliminary Injunction as follows:

(a) Enjoining Hecker and Rowan from using, disposing, transferring, encumbering, secreting or destroying any and all estate property, including estate property concealed by Hecker;

(b) Directing Hecker and Rowan to immediately disclose all estate property in their possession to the Trustee and to allow the Trustee access thereto and further enjoining Hecker and Rowan from using, removing, concealing, disposing of or encumbering or transferring any personal property including all property purchased with money from the cashing of the Prudential checks;

(c) Ordering Hecker and Rowan to immediately and fully account for their use of the proceeds of the Prudential checks, or other estate property, and to immediately turnover to the Trustee all property purchased with any of the proceeds of the Prudential checks or other estate property; and,

(d) For such other and further relief as the Court deems just and equitable.

**LEONARD, O'BRIEN**
**SPENCER, GALE & SAYRE, LTD.**

Dated: September 30, 2010

By: /e/ Matthew R. Burton

Matthew R. Burton, #210018
100 South Fifth Street, Suite 2500
Minneapolis, Minnesota 55402
Telephone: (612) 332-1030
Facsimile: (612) 332-2740

ATTORNEYS FOR RANDALL L. SEAVER, TRUSTEE

# VERIFICATION

      I, Randall L. Seaver, Trustee for the Bankruptcy Estate of Dennis E. Hecker, the moving party named in the foregoing Notice of Hearing and Expedited Motion for a Preliminary Injunction, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

|  |  |
|---|---|
| Executed on September 30, 2010 | /e/ Randall L. Seaver<br>_____<br>Randall L. Seaver |

426980

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

In re:                                                                    BKY No. 09-50779

Dennis E. Hecker,

       Debtor.

_____

Randall L. Seaver, Trustee,                                               ADV No. 10-5032

       Plaintiff,

vs.

Dennis E. Hecker and
Christi M. Rowan,

       Defendants.

_____

**MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**
_____

**INTRODUCTION**

    Randall L. Seaver, Trustee ("**Trustee**") seeks a preliminary injunction: (1) ordering Hecker and Rowan to immediately turn over and make available to the Trustee all the proceeds of the checks identified in this Complaint and any other checks received by Hecker or Rowan from any estate insurance policies since June 4, 2009, which are property of the estate and to tender to the Trustee all other checks or property which are property of the estate and which are in Hecker's or Rowan's possession or control; (2) enjoining Hecker and Rowan from using, disposing, transferring, encumbering, secreting or destroying any and all estate property, including estate property concealed by Hecker; (3) granting the Trustee an injunction, directing Hecker and Rowan to immediately disclose all estate property in their possession to the Trustee

and to allow the Trustee access thereto and further enjoining Hecker and Rowan from using, removing, concealing, disposing of or encumbering or transferring any personal property including all property purchased with money from the cashing of the Prudential checks; and, (4) ordering Hecker and Rowan to immediately and fully account for their use of the proceeds of the Prudential checks, or other estate property, and to immediately turn over to the Trustee all property purchased with any of the proceeds of the Prudential checks or other estate property.

## **FACTUAL BACKGROUND**

Defendants possess, or possessed, property of significant value and which is property of the bankruptcy estate. As detailed in the Complaint, Defendants converted property of the estate and went on a spending spree which evidences their complete disregard of the law. To the extent property of the estate can be recovered or preserved, the Court should assist the Trustee.

In April, 2010, Christi Rowan plead guilty to federal charges of bankruptcy fraud (committed in the Hecker bankruptcy case) and bank fraud. Notice of Hearing, Ex. F. Hecker has recently pled guilty to wire fraud and bankruptcy fraud.

In June, 2010, Hecker converted over $150,000.00 of estate property by surrendering or obtaining loans against Prudential life insurance policies which were property of the estate. He had successfully concealed the value of those items by lying in his Schedule B.

Hecker shared the stolen money with Rowan. Hecker and Rowan used the stolen money to continue to fund their lavish life style.

By July 16, when the Trustee's counsel contacted Barbara J. May about the first stolen check, Defendants had to believe that their additional theft of over $120,000.00 would be discovered. Yet, neither Defendant "came clean" and turned over the remaining funds. The

Defendants continued their theft-fueled spending spree. Amazingly, the Defendants spending spree, financed solely by the stolen Prudential monies, continued unabated after July 16, 2010.

Attached to the verified Notice of Hearing as Exhibit B are records of Defendants' spending on preloaded MasterCards. It appears that Defendant Rowan went on at least one trip to Arizona after July 16, 2010 where she rented a car, shopped at The Disney Store, and other stores, using the stolen funds.

The known use of monies by Hecker and Rowan include payments to country clubs (over $7,000.00), Manny's Restaurant, airline tickets for Rowan, hotels and dining at many restaurants.[1] As to over $24,000.00 in stolen funds for which he didn't account, Hecker stated they were spent "Here, there everywhere" Complaint, Exhibit K.

## **LEGAL ARGUMENT**

The purpose of a preliminary injunction is to preserve the parties' status quo. A preliminary injunction will be granted upon a showing of irreparable injury and probable success on the merits. In order to obtain preliminary injunctive relief, the plaintiff must show:

1. A probability of success on the merits;
2. A threat of irreparable harm;
3. That the balance of hardships favors the plaintiff; and,
4. That granting preliminary relief favors the public interest.

*Data Phase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). In this case, the Trustee's motion meets all the requirements for issuance of a preliminary injunction.

---

[1] Manny's has repaid $2,750.00 to the Trustee.

A. **Likelihood of Success on the Merits of the Claim for Turnover of Estate Assets under 11 U.S.C. §542(a).**

In this case, the Trustee seeks injunctive relief to protect the estate's interests in nonexempt property.

The Debtor is required to surrender the property pursuant to 11 U.S.C. §521(a)(4). Defendant Rowan is obligated to turnover property of the estate pursuant to 11 U.S.C. §542(a), and her plea agreement with the United States government. The Trustee can obtain the turnover of property of the estate under 11 U.S.C. §542(a) which states in relevant part:

> Except as provided in subsection (c) or (d) of this section, an entity other than a custodian, in possession, custody, or control, during the case of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

The Trustee will prevail on his §521 and §542 claims.

B. **Irreparable Harm**.

In the absence of a restraining order, Defendants or their agents and assigns could transfer or encumber the property or it could be lost or stolen. In fact, the dissipation of estate assets is virtually a certainty given Defendants' conduct since the outset of this case. Accordingly, the estate faces irreparable harm.

C. **Balance of Harms**.

A preliminary injunction will not harm the Defendants. The property is not their property.

### D. **Public Interest**.

The public interest strongly favors injunctive relief. Injunctive relief would serve the public interest by preserving assets of this bankruptcy estate.

For the above reasons, the Trustee respectfully requests that this Court issue a preliminary injunction.

|  |  |
|---|---|
|  | **LEONARD, O'BRIEN SPENCER, GALE & SAYRE, LTD.** |
| Dated: September 30, 2010 | /e/ Matthew R. Burton<br>By:<br>Matthew R. Burton, #210018<br>100 South Fifth Street, Suite 2500<br>Minneapolis, Minnesota 55402<br>Telephone: (612) 332-1030<br>Facsimile: (612) 332-2740<br><br>ATTORNEYS FOR RANDALL L. SEAVER, TRUSTEE |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

In re:  BKY No. 09-50779

Dennis E. Hecker,

       Debtor.

_____

Randall L. Seaver, Trustee,  ADV No. 10-5032

       Plaintiff,

vs.

Dennis E. Hecker and
Christi M. Rowan,

       Defendant.

_____

**UNSWORN CERTIFICATE OF SERVICE**
_____

I hereby certify that on September 30, 2010, I caused the following documents:

***Notice of Hearing and Expedited Motion for Preliminary Injunction, Memorandum of Law and Order (proposed)***

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice pursuant to Local Rule 9006-1(a).

I further certify that I caused a copy of the foregoing documents to be mailed by first-class mail, postage paid and/or e-mail to the following:

Dennis E. Hecker
1615 Northridge Drive
Medina, MN 55391

Barbara J. May, Esq.
2780 North Snelling
Suite 102
Roseville, MN 55113
E-mail: babsjmay7@aol.com

Christi M. Rowan
1615 Northridge Drive
Medina, MN 55391

Dated: September 30, 2010

                    /e/  Stephanie Wood
_____
Stephanie Wood
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
(612) 332-1030

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re: BKY No. 09-50779

Dennis E. Hecker,

      Debtor.

Randall L. Seaver, Trustee, ADV No. 10-5032

      Plaintiff,

vs.

Dennis E. Hecker and
Christi M. Rowan,

      Defendants.

## ORDER

This matter came before the court on the motion of Randall L. Seaver, trustee for a preliminary injunction.

Based upon all the files, records and proceedings herein,

The court finds that the proceeds of Prudential Insurance checks which have not been turned over to the trustee (approximately $119,000.00) is property of the bankruptcy estate and that defendants are wrongfully exercising dominion and control over the same. It is also likely that defendants possess and control, or have already disposed of, additional property of the estate.

THEREFORE IT IS ORDERED:

1.    The trustee's request for expedited relief is granted.

2. Defendants, their agents or assigns are enjoined from using, disposing, transferring, encumbering, secreting or destroying any and all estate property, including estate property concealed by Hecker.

3. Defendants, their agents or assigns, are to immediately disclose all estate property in their possession to the Trustee and to allow the trustee access thereto and further enjoining Hecker and Rowan from using, removing, concealing, disposing of or encumbering or transferring any personal property including all property purchased with money from the cashing of the Prudential checks.

4. Defendants, their agents or assigns, are to immediately and fully account for their use of the proceeds of the Prudential checks, or other estate property, and to immediately turnover to the trustee all property purchased with any of the proceeds of the Prudential checks or other estate property.

5. This preliminary injunction shall remain in effect until a trial is held in this adversary proceeding or until further order of this court.

Dated: _____

_____
United States Bankruptcy Judge

428319