## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

In re:                                          BKY No. 09-50779

Dennis E. Hecker,

      Debtor.

---

Randall L. Seaver, Trustee,                     ADV No. 10-5032

      Plaintiff,

vs.

Dennis E. Hecker and
Christi M. Rowan,

      Defendants.

---

## AMENDED COMPLAINT

---

      Randall L. Seaver, Trustee ("**Trustee**") of the Bankruptcy Estate of Dennis E. Hecker, as and for his Complaint against Defendants Dennis E. Hecker ("**Hecker**") and Christi M. Rowan ("**Rowan**"), states and alleges as follows:

      1.      Trustee is the duly appointed Chapter 7 Trustee of the bankruptcy estate of Hecker.

      2.      This bankruptcy case was commenced on June 4, 2009, by the filing of a voluntary Chapter 7 petition.

      3.      This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. §§157 and 1334 and Bankruptcy Rule 5005.  This proceeding arises under 11 U.S.C. §§105, 521(a)(4) and 542.

4. At the time of filing, Hecker possessed an interest in life insurance policies. He scheduled certain policies in his Schedule B. The Hecker list of the policies, from Hecker's schedules, is attached hereto as Exhibit A ("**Scheduled Policies**").

5. As to the cash value of the Scheduled Policies, at item B9 of his Schedule B, Hecker declared, under penalty of perjury, the following:

"9. Interests in insurance policies.
Name insurance company of each
policy and itemize surrender or
refund value of each.

See Exhibit B (9) attached hereto. Some policies held by trusts. Records seized by debtor believes one policy has cash surrender value.

- $12,000.00"

6. For the "one policy with cash surrender value" of $12,000.00, Hecker claimed an $8,400.00 exemption.

7. On or about July 16, 2010, the Trustee learned that Hecker had deposited a $30,000.00 insurance check at 21st Century Bank and that the bank had, after opening the account, frozen the same and returned the funds to the Hecker.

8. The Trustee subsequently learned that Hecker had obtained the $30,000 insurance check from Prudential Life Insurance Company. A copy of the $30,000 check is attached as Exhibit B.

9. The Trustee further learned that Hecker had obtained the $30,000 check by converting property of the bankruptcy estate through a surrender of, or loan against, Prudential Policy 98 831 668. A copy of a facsimile transmission sent on Hecker's behalf from the law firm of Chestnut Cambronne to Prudential Life Insurance Company containing a "request for policy loan" for that policy is attached hereto as Exhibit C.

10.     An e-mail string evidencing that the $30,000.00 was property of the bankruptcy estate is attached hereto as Exhibit D.

11.     After Hecker opened an account at 21st Century Bank and deposited the $30,000 Prudential check (which he had converted), 21st Century Bank became concerned.  A copy of an e-mail exchange relating to some concerns of 21st Century Bank is attached hereto as Exhibit E.

12.     Hecker had attempted to pay certain personal expenses with the 21st Century Bank account before it was frozen.  Copies of checks Hecker drew in his attempts to effect payment are attached hereto as Exhibit F.

13.     On June 18, 2010, Hecker received a $30,000 cashier's check from 21st Century Bank representing the closure of the account.  Hecker cashed the check and received $30,000 in cash on June 18, 2010.  Copies of the cashier's check, bank records, and the currency bands are attached hereto as Exhibit G.

14.     The Trustee received information that Hecker was utilizing a check cashing service named "Your Exchange."  On August 17, 2010, the Trustee filed a turnover motion seeking an order of this Court directing Your Exchange and Prudential to turnover records to the Trustee.

15.     On or about August 27, 2010, the Trustee received documents from Your Exchange, which indicated that the Hecker and Rowan have been using Your Exchange to cash checks.  The documents (redacted) from Your Exchange are attached hereto as Exhibit H.

16.     Among the checks cashed by Hecker are four additional checks liquidating (or obtaining loans against) Prudential insurance policies which were property of the bankruptcy estate.  Those checks are as follows:

| | Date | Amount | Contract | Check Number |
|---|---|---|---|---|
| A. | 6/18/10 | $28,689.42 | 77 920 928 | 1641552008 |
| B. | 6/18/10 | $29,055.00 | 94 550 029 | 1740164944 |
| C. | 6/18/10 | $36,750.00 | 94 602 336 | 1740164946 |
| D. | 6/17/10 | $29,860.42 | 94 550 031 | 1740164894 |

**TOTAL:** **124,354.84**

17. Upon information and belief, Hecker converted the Prudential check proceeds to cash, Western Union money orders and a preloaded Mastercard. Hecker thereafter provided Western Union money orders to Rowan.

18. Hecker has converted assets of this bankruptcy estate. Rowan has assisted Hecker in this endeavor.

19. On February 10, 2010, Hecker was indicted by a federal grand jury on various charges. Superseding indictments followed on March 9, 2010 (adding bankruptcy fraud) and July 13, 2010.

20. Pursuant to an Order of the United States District Court dated on April 12, 2010, public defenders were appointed to represent Hecker based, presumably, on his statements regarding his financial condition. A copy of the order is attached hereto as Exhibit I.

21. Based solely on those checks Hecker negotiated at Your Exchange, it appears that Hecker had over $120,000.00 in his possession and control from June to August 2010. Upon information and belief, all or substantially all of those funds were property of the bankruptcy estate and were converted by Hecker to his own use.

22. Hecker's counsel, Barbara J. May, was confronted with the fact that Hecker had converted over $120,000.00 of estate property. The email string attached hereto as Exhibit J evidences that Ms. May confirmed that the money was, in fact, property of the estate.

23. On or about September 16, 2010, Attorney May provided an additional $15,000.00 to the Trustee.

24.     Hecker pled guilty to the felonies of bankruptcy fraud and wire fraud on September 7, 2010.

25.     Pursuant to the Trustee's request, Hecker provided an "accounting" of his use of the insurance proceeds.  A copy of that document is attached hereto as Exhibit K.  He has not accounted for over $20,000.00 in funds converted by him.

**COUNT I**
**TURNOVER**

26.     The Prudential checks and the proceeds of the Prudential checks, and likely the Western Union money orders, are property of the bankruptcy estate pursuant to 11 U.S.C. §541.

27.     Hecker is required to surrender that property to the Trustee under 11 U.S.C. §521(a)(4).

28.     Rowan is required to surrender proceeds of the Prudential checks to the Trustee pursuant to 11 U.S.C. §542.

**COUNT II**
**UNJUST ENRICHMENT**

29.     The Trustee realleges the foregoing paragraphs of this Complaint.

30.     Hecker has wrongfully retained property of the bankruptcy estate and has been unjustly enriched in excess of $98,204.84.

**COUNT III**
**CONVERSION**

31.     The Trustee realleges the foregoing paragraphs of this Complaint.

32.     Hecker has converted bankruptcy estate property and has concealed the same from the Trustee.

33.     The Trustee has been damaged in excess of $98,204.84 by Hecker's conversion.

## COUNT IV
## CIVIL THEFT

34.     The Trustee realleges the foregoing paragraphs of this Complaint.

35.     Hecker has committed civil theft pursuant to Minn. Stat. §604.14 which provides that "[a] person who steals personal property from another is liable to the owner of the property for its value when stolen plus punitive damages of either $50.00 or up to 100 percent of its value when stolen, whichever is greater." In addition to $98,204.84 in actual damages, the Trustee is entitled to $98,204.84 in punitive damages for total damages of $196,409.68.

## COUNT V
## THEFT

36.     The Trustee realleges the foregoing paragraphs of this Complaint.

37.     Hecker has committed a theft of assets of the bankruptcy estate as detailed in this Complaint.

38.     The Trustee may recover treble damages pursuant to Minn. Stat. §548.05.

39.     The Trustee is entitled to a judgment for damages, in an amount of $294,614.52.

## COUNT VI
## INJUNCTIVE RELIEF

40.     The Trustee realleges the foregoing paragraphs of this Complaint.

41.     Hecker and Rowan may be in the possession or control of assets which are property of the estate.

42.     The Court's intervention is required so as to prevent the estate from suffering irreparable harm by loss of the property. The harm would be irreparable because a monetary judgment against Hecker, who already has judgments against him exceeding $200,000,000.00 would be of little value. The same is true as to Rowan as the Trustee already possesses a $425,000.00 judgment against her.

43.     The Trustee is entitled to relief of this Court pursuant to 11 U.S.C. §105 and Fed. R. Civ. P. 65 (incorporated into this proceeding by Bank. Rule 7065).

44.     The Trustee requests that the Court enjoin Hecker and Rowan from using, disposing, transferring, encumbering, secreting or destroying any property of the bankruptcy estate.

45.     The Trustee further requests that the Court mandate that Hecker and Rowan turnover any Prudential or other insurance checks still in their possession and the proceeds from all Prudential and other insurance checks already cashed.

46.     The Trustee further requests that the Court order Hecker and Rowan to provide a complete accounting of the use of the funds received from the Prudential checks.

**WHEREFORE**, Plaintiff Randall L. Seaver, Trustee requests a Judgment of the Court:

1.     Ordering Hecker and Rowan to immediately turnover and make available to the Trustee all the proceeds of the checks identified in this Complaint and any other checks received by Hecker or Rowan from any estate insurance policies since June 4, 2009, which are property of the estate and to tender to the Trustee all other checks or property which are property of the estate and which are in Hecker's or Rowan's possession or control.

2.     Enjoining Hecker and Rowan from using, disposing, transferring, encumbering, secreting or destroying any and all estate property, including estate property concealed by Hecker.

3.     Granting the Trustee an injunction, directing Hecker and Rowan to immediately disclose all estate property in their possession to the Trustee and to allow the Trustee access thereto and further enjoining Hecker and Rowan from using, removing, concealing, disposing of or encumbering or transferring any personal property including all property purchased with money from the cashing of the Prudential checks.

4.     Ordering Hecker and Rowan to immediately and fully account for their use of the proceeds of the Prudential checks, or other estate property, and to immediately turnover to the Trustee all property purchased with any of the proceeds of the Prudential checks or other estate property.

5.     Awarding a money judgment against Hecker pursuant to Count III in the amount of $98,204.84 together with all statutory damages and interest.

6.     Awarding a money judgment against Hecker pursuant to Count IV in the amount of $196,409.68 together with all statutory damages and interest.

7.     Awarding a money judgment against Hecker pursuant to Count V in the amount of $294,614.52 together with all statutory damages and interest.

8.     For such other and further relief as the Court deems just and equitable.

**LEONARD, O'BRIEN**
**SPENCER, GALE & SAYRE, LTD.**

/e/  Matthew R. Burton

Dated:  October 25, 2010            By:_____

Matthew R. Burton, #210018
100 South Fifth Street, Suite 2500
Minneapolis, Minnesota  55402
Telephone:  (612) 332-1030
Facsimile:  (612) 332-2740

ATTORNEYS   FOR   RANDALL   L.
SEAVER, TRUSTEE

426970.2

**DEH:**

| Company | Policy # | Date | Type | Rating | | Insured | (res? checking on) | Premium | Death Benefit |
|---|---|---|---|---|---|---|---|---|---|
| Prudential | #77-764-531 | 6/19/1995 | 7 Yr Term Renewal | Prefered | Tamitha | Dennis | None | $1,230.00 | $2,000,000.00 |
| Prudential | #98-831-668 | 5/7/1992 | Variable Whole Life | Standard | Holly | Dennis | None | $2,400.00 | $500,000.00 |
| Prudential | #94-550-031 | 6/9/1994 | Variable Whole Life | Standard | Holly | Dennis | None | $2,480.00 | $500,000.00 |
| Prudential | #77-191-094 | 8/18/1983 | Life to 65 | Standard | Holly | Dennis | None | $1,130.00 | $100,000.00 |
| Prudential | #77-191-096 | 9/9/1983 | Life to 65 | Standard | Kelly | Dennis | None | $980.00 | $100,000.00 |
| Prudential | #94-550-029 | 6/9/1994 | Variable Whole Life | Standard | Kelly | Dennis | None | $2,720.00 | $500,000.00 |
| Prudential | #98-831-983 | 4/14/1982 | Variable Whole Life | Standard | Kelly | Dennis | None | $2,370.00 | $500,000.00 |
| Prudential | #94-602-339 | 5/26/1995 | Variable Whole Life | Standard | [redacted] | Dennis | None | $4,200.00 | $1,000,000.00 |
| Reliastar | #72-054-38 | 11/8/2002 | Variable Life | Standard | [redacted] | Dennis | None | $5,000.00 | $1,000,000.00 |

**Other:**

| Company | Policy # | Date | Type | Rating | Insured | | (res? checking on) | Premium | Death Benefit |
|---|---|---|---|---|---|---|---|---|---|
| Protective Life | #PL-06557341 | 8/1/1999 | Life to 65 | Prefered | Dennis | Sandra | None | $1,408.00 | $300,000.00 |
| Prudential | #H-82830000 | | Annual Disability | Standard | Dennis | | None | $179.40 | % of Income Varies |
| Prudential | #H-6315327 | | Annual Disability | Standard | Dennis | | None | $1,980.00 | % of Income Varies |



EXHIBIT
A

 **Prudential**

The Prudential Insurance Company of America
Customer Service Office
PO Box 7880
Philadelphia, PA 19176
www.prudential.com

Wachovia Bank of Delaware, N.A.
Wilmington, DE 19803

N 1740164552

82-22
311

MINX   CONTRACT 88 831 688   555

Pay: ****************THIRTY THOUSAND AND 00/100 DOLLARS     JUN 08 2010   $****30000.00

Void after 180 days                                    Dollars   Cents

To the
Order of: DENNIS E HECKER***************************
*********************************************
*********************************************
*********************************************
*********************************************

TREASURER

CONTROLLER

Security Features Included (Details on Back)

**EXHIBIT**

tabbies

B



**chestnut cambronne**
ATTORNEYS AT LAW

**MINNEAPOLIS**
17 Washington Avenue North
Suite 300
Minneapolis, MN 55401-2048
T: 612.339.7300
F: 612.336.2940

**ST. PAUL**
Kelly Inn, Suite 820
161 St. Anthony Avenue
St. Paul, MN 55103
T: 651.291.1900
F: 651.291.0063

www.chestnutcambronne.com

## FACSIMILE COVER SHEET

| | |
|---|---|
| TO: | |
| FIRM: | **SPECIAL EXPEDITED SERVICE (FEDEX)** |
| FAX NO: | 215-784-3624 |
| DATE: | June 4, 2010 |
| FROM: | Denny Hecker |
| FILE NO: | |
| RE: | |
| NO. OF PAGES: | 6 (including coversheet) |
| MESSAGE: | Fed-X to:<br>Denny Hecker<br>c/o Chestnut Cambronne, PA.<br>17 Washington Avenue North, #300<br>Minneapolis, MN 55401 |

*Confidentiality Notice: The information contained in this facsimile is confidential, may be legally privileged, and is intended only for the use of the intended recipient. If the reader of this facsimile is not the intended recipient, you are advised that any dissemination, distribution, or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify Chestnut Cambronne PA by telephone at 612.339.7300 and destroy any copies.*

If you have any problems with this fax, please call Darlene at 612.339.7300.



**EXHIBIT**

C

 **Prudential**

**Request for Policy Loan**

The Prudential Insurance Company of America
Pruco Life Insurance Company of New Jersey
Pruco Life Insurance Company
All are Prudential Financial companies.

| | |
|---|---|
| ■ **Instructions** | Use this form to request a policy loan. Please follow these steps: |

1. Read pages 1 and 2 of this form carefully to understand the effects of a policy loan. Please keep these pages for your information.
2. Complete sections 1 through 7 as appropriate. For help with the Tax Withholding Election and Tax Certification sections, see Important Tax Information on page 2.
3. If we have completed any part of this form for you, please review the accuracy of that information. Make sure the amount authorized on page(s) 3 and/or 4 is correct.
4. Sign and date your request in section 8, and return pages 3, 4, and 5 to Prudential.

We will process your request and send a check or a payment confirmation letter.

On these pages, *I, you,* and *your* refer to the policyowner. *We, us,* and *our* refer to the Prudential company that issued the policy.

| | |
|---|---|
| ■ **About Policy Loans** | Before taking a policy loan, you should understand the effects of this transaction. |

- Your total death benefit and total cash value will be reduced by your Loan Amount and by any unpaid interest.
- If you have a variable policy, taking a loan may affect your investment results. If you have an interest-sensitive policy, taking a loan may affect the total amount of interest credited. See your policy for more information.
- If you surrender your policy, or if your policy ends with no value except as provided by law or the policy itself, or if you choose to change to reduced paid-up coverage, we may be required to include some or all of the balance of the loan when reporting a tax gain.

The loan is subject to the terms and conditions contained in your policy and this form. For more information, refer to your policy.

- Your Loan Amount consists of the amount you are requesting (or the amount available, if less) plus any Loan Amount with applicable interest already in existence.
- This form is your loan agreement and replaces any prior loan certificate or agreement.
- Interest will be charged on your Loan Amount.
- Interest that is not paid each year when it is due will be added to the Loan Amount, and future interest will be charged based on the increased Loan Amount. If the Loan Amount plus interest exceeds the cash value of your policy, the policy will be canceled. You can lower the risk of cancellation by paying the interest due annually.
- You may change your dividend option, if applicable, to help with loan repayment.

If you intend to use or are currently using nonguaranteed policy values, including dividends, to help pay future premiums on your policy, using dividend values to calculate your maximum loan value may delay the date at which you no longer need to make out-of-pocket premium payments or you may need to resume out-of-pocket premium payments. Further, if you use some or all of your dividend values for a loan, you may not withdraw the dividend values used until the policy's cash value has increased to cover the amount of dividends used for the loan. (See section 3, which provides you the option of not using dividends to determine your loan value.) *Note: Future dividends are not guaranteed.*

---

COMB 96800   Ed. 8/2007

Page 1 of 6
Customer keeps this page


*CASAAH4387N-02*

*SYS005030811*

**Important Tax Information**

This information will help you complete sections 6 and 7, which are required by the Internal Revenue Service. Please read it carefully. If your policy is a qualified policy (for example, issued with a section 401(a), 403(b), or 457 plan), you may receive additional tax information from us. This may delay your request. We have presented this information based on our understanding of tax law. You may wish to consult a tax or legal adviser because neither we nor our representatives can provide tax or legal advice.

Prudential generally must report to its policyowners all payments of taxable income on IRS Form 1099. A policy loan generally does not result in taxable income to the policyowner at the time it is taken. Individual Retirement Accounts (IRAs) will be disqualified as a result of a loan, and the entire cash value of the IRA is reportable to the participant for the year in which the loan is distributed. You may incur a taxable gain if, with an outstanding loan on the policy, you surrender your policy, or if your policy ends with no value except as provided by law or the policy itself, or if you choose to change to reduced paid-up coverage. Loans from a policy classified as a modified endowment contract (MEC) may be considered taxable income and may also be subject to a 10 percent federal penalty tax.

**Tax Withholding Election:** The following information will help you complete section 6.

- **Federal and state income tax withholding.** Federal and some state tax laws require us to withhold income taxes from certain cash payments, such as the taxable portion of a loan on a modified endowment contract (MEC). By signing and dating this form and making no entries to section 6, you can elect not to have any taxes (federal or state) withheld, but you will still be liable for payment of any taxes due. Please check the appropriate boxes if you want to have federal and/or state income taxes withheld. If you request a check to be mailed to a non-U.S. address, you cannot elect out of withholding. *Note: Some states require state withholding when federal withholding is elected or required.*

- **Estimated tax and possible penalties.** If you elect to have no income tax withheld from your loan from a modified endowment contract (MEC) or if you do not have enough income tax withheld from your loan from a MEC, you may be responsible for payment of estimated tax. You may incur penalties if your withholding and estimated tax payments are not sufficient. You may be subject to IRS penalties if you fail to provide your correct taxpayer identification number (TIN), fail to report taxable interest or dividends on your tax return, or give false tax information. You may be subject to a 10 percent federal income tax if you are under the age of 59½ and your policy is classified as a MEC, a qualified plan or an IRA.

**Tax Certification:** The following information will help you complete section 7.

- **Taxpayer identification number.** You must include your TIN. If the policyowner is an individual, the TIN is the Social Security number. For more information on whose TIN to include, refer to the table below.

- **Backup withholding.** You must tell us if the IRS has notified you that you are subject to backup withholding, because you did not report all your taxable interest and dividends on your tax return. You are not subject to backup withholding if either (a) you did not receive such a notice from the IRS, (b) the IRS recently told you that you are no longer subject to a backup withholding order, or (c) you are exempt from such withholding.

- **Citizenship.** You must indicate if you are not a U.S. person (including resident alien). In that case, you must state the country of which you are a citizen and submit the applicable IRS Form W-8(BEN, ECI, EXP, IMY). In most situations, the IRS Form W-8BEN will be the appropriate IRS Form W-8.

Use this table to determine whose TIN to include in section 7:

| For this type of policy ownership: | Give Social Security number of: |
|---|---|
| Individual | Individual |
| Joint (two or more individuals, including husband and wife) | Actual policyowner or, if combined funds, the first individual on the policy |
| Custodian account of a minor (Uniform Gifts to Minors Act) | Minor |
| Sole proprietorship | Policyowner |
| Revocable or Grantor Trust | Grantor |
| **For this type of policy ownership:** | **Give employer identification number of:** |
| Corporation | Corporation |
| Association, club, religious, charitable, educational, or other tax-exempt organization | Organization |
| Partnership | Partnership |
| Broker or registered nominee | Broker or nominee |
| Valid trust, estate trust, or pension trust | Legal entity *(Do not furnish the identification number of personal representative or trustee unless the legal entity itself is not designated in the policy)* |



*CASAAK4387N-02*



*SYS005030811*



 **Prudential**

**Request for Policy Loan**

Please print using blue or black ink. See instructions on page 1 before completing.

**1 About Your Policy**

Policy number *(Eight or nine characters. If eight leave last space empty.)*  `9 8 6 3 1 6 6 8`

Name of insured *(first, middle initial, last name)*  `H o l l y  K  H e c k e r`

Name of joint insured, if any *(first, middle initial, last name)*

**2 About the Policy-owner(s)**

Name of policyowner *(first, middle initial, last name)* Enter "same" if same as insured.  `D e n n i s  E  H e c k e r`

Policyowner's work telephone number

Home telephone number  `9 5 2  5 1 2 - 0 8 9 8`

Name of joint owner, if any *(first, middle initial, last name)*

**3 Loan Request for a Check** *(See page 1 for minimum loan amounts.)*

To request a check, complete this section. To request a check *and make premium payments, also complete section 4.* If you request a loan for more than the amount available, we will process your request for the amount available.

*For all policies except MPVUL, VUL, VUL II, VUL 2004, SURV PREF, SVUL, or PS III:*

☒ I request a check for a policy loan of  $  `3 0 . 0 0 0 . 0 0`  or

☐ the maximum loan amount available.

☐ I request a check for the target loan amount *(Discovery Life and Discovery Life Plus policies only).*

☐ Do not include dividend values in figuring value of loan. *(Does not apply to variable or interest-sensitive policies.)*

*For MPVUL, VUL, VUL II, VUL 2004, SURV PREF, SVUL, or PS III policies (check only one box):*

☐ I request a check for a policy loan of `   ` % or  $ `       .   ` The Loan Amount will be an equal percentage of each investment option.

☐ I request a check for a policy loan. The Loan Amount should be transferred from the following investment option(s). For PS III, a directed loan from the Fixed Rate Option is not permitted.

`   ` % or  $ `   .   .   ` of _____ investment option.

`   ` % or  $ `   .   .   ` of _____ investment option.

Make check payable to: ☒ policyowner ☐ special payee *(Print name below.)*

Mail check to: ☐ policyowner at address of record   ☒ address below
       ☐ Prudential representative's office *(Please attach a separate letter, signed by the policyowner, requesting this. Otherwise, we must mail your check to the address in our records.)*

☐ Change address in our records to address below.

Street  `1 7  W a s h i n g t o n  A v e  N`  Apt. `3 0 0`

City  `M i n n e a p o l i s`  State `M N`  ZIP code `5 5 4 0 1 - 2 0 4 8`

COMB 96800   Ed. 8/2007

Page 3 of 5
Return this page to Prudential.

*CASAAH4387N-02*        *SYS005030811*

**4 Loan Request to Pay Premiums** *(Does not apply to Variable Universal Life or Universal Life products.)*

To make premium payments, complete this section. To make premium payments *and* request a check, also complete section 3.

☐ Do not include dividend values in figuring value of loan. *(Does not apply to variable or interest-sensitive policies.)*

☐ Borrow and pay ☐ premiums on this policy.

☐ Borrow and apply $ [ ][ ] . [ ][ ] . [ ][ ] to pay premiums on this policy.

☐ Borrow and pay premiums on other policies as described below.

| Policy number | Number of premiums | Loan amount to pay premium(s) |
|---|---|---|
| [ ][ ][ ][ ][ ][ ][ ][ ][ ] | [ ][ ] | $ [ ][ ] . [ ][ ][ ] |
| [ ][ ][ ][ ][ ][ ][ ][ ][ ] | [ ][ ] | $ [ ][ ] . [ ][ ][ ] |
| [ ][ ][ ][ ][ ][ ][ ][ ][ ] | [ ][ ] | $ [ ][ ] . [ ][ ][ ] |

*Loan amount will be adjusted to cover premium amount(s) plus any applicable income tax withholding. It is not to your advantage to use loans to pay premiums that are not yet due because of loan interest charges.*

☐ If you are sending additional money to pay premium(s) as described above, please indicate the amount here: $ [ ][ ] . [ ][ ] . [ ][ ]
*(Make the check payable to Prudential.)*

**5 Should We Defer This Request?**

☐ Defer this request. *(Does not apply to variable or interest-sensitive policies.)*

If this request is being made within 28 days of the next policy anniversary, and you want us to defer the transaction until any dividend has been paid, please check the box above. If this request is made more than 28 days before a policy anniversary, we will process without deferring the request. *Note: Future dividends are not guaranteed.*

**6 Tax Withholding Election**

If you would like taxes withheld, complete this section. Otherwise, we will not withhold taxes unless required by law.

☐ Withhold federal income taxes from the taxable portion of the payment.

☐ Withhold state income taxes from the taxable portion of the payment.

**7 Tax Certification** *(See Important Tax Information.)*

If (a) or (b) below is not completed, we may be required to withhold federal and state income taxes.

(a) Under penalties of perjury, I certify that my correct taxpayer identification number is:

Policyowner's Social Security number

[ ][ ][ ] – [ ][ ] – [ ][ ][ ][ ]

– or –

Policyowner's employer identification number

[ ][ ] [ ][ ][ ][ ][ ][ ][ ]

I am not subject to backup withholding for the reasons stated under "Backup withholding" in the Tax Certification Instructions.

*(Check the box only if you are subject to backup withholding.)*

☐ I have been notified by the Internal Revenue Service that I am subject to backup withholding due to underreporting of interest or dividends.

(b) ☐ I am not a U.S. person (including resident alien). I am a citizen of [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

*Attach the applicable IRS Form W-8(BEN), ECI, EXP, IMY).*

COMB 96800  Ed. 8/2007

Page 4 of 5
Return this page to Prudential


*CASAAH4387N-02*


*SYS005030811*

215-784-3624 6/4/2010 5:07:28 PM [Eastern Daylight Time]

**8  Signature(s)**   • For corporations, an authorized officer must sign. Be sure to include the title of the officer and company name.

*(All owners and any collateral assignee must sign.)*

- • If president – no additional requirements
- • If vice president – for policies over $1,000,000, provide a Corporate Secretary's statement reflecting the vice president's authority to sign
- • If any other officer – provide a corporate resolution

• For partnerships with at least two general partners, two authorized general partners must sign with the title "general partner" after each name (if only one, use "sole general partner") and include the name of the partnership.

• For sole proprietorships, submit the signature of the owner, followed by "doing business as (company name), a sole proprietorship."

• For trusts, each trustee must sign unless the trust itself or state law provides otherwise. Trustee must include trustee designation (for example, "John Doe, Trustee under Trust Agreement dated 1/1/1998").

• A holder of power of attorney must provide a copy of the power of attorney and include, following his or her signature, the words "Attorney-in-fact for (owner's name)."

• For a policy containing a limitation of rights, the person or entity in whose favor the rights have been limited must also sign.

By signing this form, I (or all owners):

- • acknowledge that I have received and read all five pages of this form,
- • agree to the request(s) made on this form, which are subject to the terms and conditions of the policy,
- • understand that there may be tax implications as a result of this request,
- • agree that the policy and its present and future benefits are assigned to us as security for the loan,
- • represent that no bankruptcy or insolvency proceedings are now pending against me or the assignee and that there is no claim on the policy other than any prior claim I may have,
- • agree that this agreement replaces any prior loan certificate or agreement, and
- • certify that if the owner is a corporation or partnership, that it is not under receivership, trusteeship, or conservatorship, and/or has not been dissolved, and if a partnership, that no notice of disassociation has been filed by any partner.

> The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

X 
Policyowner's signature and date      | 6 | 4 | 20,10 |
     month    day    year

X _____
Joint owner's signature(s) (if applicable) and date    month    day    year

X _____
Collateral assignee's signature (if applicable) and date    month    day    year

X _____
Beneficiary's signature (required if rights are limited) and date    month    day    year

_____     _____
Signer's title for business or trust owner      Company name

| For Prudential Use Only | Submitting Office_____ Contract/Agency_____ Paid report date_____ |
| --- | --- |
| | Prudential representative_____ |
| | Related trans code_____ RMO_____ Control number_____ |
| | Policy issued by: |
| | ☐ The Prudential Insurance Company of America ☐ Pruco Life Insurance Company of New Jersey ☐ Pruco Life Insurance Company |

COMB 98800   Ed. 8/2007

Page 5 of 5
Return this page to Prudential



*CASAAH4387N-02*          *SYS005030811*

## Matthew Burton - RE: Hecker

**From:** barbara may <barbarajmay@hotmail.com>
**To:** Matt Burton <mburton@losgs.com>, barbara may
<barbarajmay@hotmail.com>
**Date:** Friday, July 16, 2010 4:44 PM
**Subject:** RE: Hecker

All is taken care of. I will have it delivered to your office on Monday. I am in court until 12:00, and I want to personally sign off, so it will be after then. Have a good weekend.

Barbara J. May
2780 N. Snelling #102
Roseville, MN 55113
651-486-8887
Fax 651-486-8890

---

Date: Fri, 16 Jul 2010 10:01:36 -0500
From: MBurton@losgs.com
To: barbarajmay@hotmail.com
Subject: RE: Hecker

That's about what I heard, too. It might help to get whatever docs came with the check, too. Thanks. Matt

>>> barbara may <barbarajmay@hotmail.com> 7/16/2010 9:58 AM >>>
Wo't know until I see it, but $30,000?

---

Date: Fri, 16 Jul 2010 09:21:34 -0500
From: MBurton@losgs.com
To: barbarajmay@hotmail.com
Subject: RE: Hecker

Thanks, Barbara. Do you know how much it is? Matt

>>> barbara may <barbarajmay@hotmail.com> 7/16/2010 9:20 AM >>>
If I understand it correctly, a life insurance policy lapsed and died 6 months prior to the bankruptcy filing. Apparently, the insurance company sent Denny a check for the proceeds which he thought were lost. I will have the funds in my office this afternoon or Monday morning. I am on top of it, and the funds will be surrendered without further complication.

Barbara J. May
2780 N. Snelling #102
Roseville, MN 55113
651-486-8887
Fax 651-486-8890



**EXHIBIT**

D

Date: Fri, 16 Jul 2010 09:03:30 -0500
From: MBurton@losgs.com
To: barbarajmay@hotmail.com
Subject: RE: Hecker

Thanks.

>>> barbara may <barbarajmay@hotmail.com> 7/16/2010 9:02 AM >>>
I will deal with it immediately

Date: Fri, 16 Jul 2010 08:49:03 -0500
From: MBurton@losgs.com
To: barbarajmay@hotmail.com
Subject: Hecker

Barbara -

We have heard from a knowledgeable source that Mr. Hecker recently received a check on an insurance claim and deposited the same with 21st Century Bank.  We also believe that the check is likely to be an asset of the estate.

Further, the same source indicated that the bank closed Mr. Hecker's account and issued him, or was about to issue him, a check.

Can you please look into the details of this?  If the check is a prepetition asset, we would like to address the matter with you (and to protect the funds).

Thanks.


Matthew R. Burton
Leonard, O'Brien, Spencer, Gale & Sayre, Ltd.
100 S. 5th St., Ste. 2500
Minneapolis, MN  55402

(612) 332-1030 (work)
(612) 455-3929 (fax)

**Dawn Proulx**

From:             Thomas Dolphin [tpd@21stcenturybank.com]
Sent:              Thursday, June 17, 2010 3:52 PM
To:                Brian Toder; Dawn Proulx
Subject:          Hecker Funds

Mr, Toder, Can you please pass to Mr. Hecker what we need. Mr Hecker we need a letter from Wachovia signed by an officer of the bank stating that the check issued by Prudential Insurance Co numbered #N1740164552 in the amount of $30,000 issued to Dennis E. Hecker has been presented to them and they have accepted that check as authentic and without any deficiencies such as endorsement, stop payment, having been fraudulently presented or being subject to any recall of the those funds by Wachovia for any UCC reason. They can fax the letter to fax number 763-784-9127 or e-mail a copy to tpd@21stcenturybank.com. We will then call the bank officer and verify the letter's authenticity. Short of that we will release funds Monday June 21st by 5pm or once our return items have come back that day for review assuming we don't receive any notice prior to that time for a recall of the funds through normal banking channels.

Mr. Hecker I would acknowledge that of course we can see that we have been credited with the funds through the Federal Resave system. However that credit is subject to recall through that same system by the bank (Wachovia) on behalf of their customer up until 11 business days from the time it was presented. That is why the check is considered on hold and the funds therefore uncollected. The more you try to get us to release the funds early the more suspicious of the transaction we become. The above action could help us to cut through the risk in the system and release the funds to you. I suggest you apply your pressure on that end of the transaction so we can get your money back to you.

Thank you Mr. Toder, Tom Dolphin


Thomas P. Dolphin
CEO
Blaine Office 763-767-21ST    MPLS Office 612-378-21ST
Blaine Fax    763-784-9127    MPLS Fax    612-372-4399
tpd@21stcenturybank.com




9380 Central Ave NE      17 Washington Ave Suite 200
Blaine, Mn 55434         MPLS, MN 55401

Note: The information in this e-mail is confidential and may be legally privileged. It is intended solely for the addressee(s). Access to this e-mail by anyone other than the recipient is unauthorized. If you are not



EXHIBIT
E

1

the intended recipient, any disclosure, reproduction, distribution or any action taken or omitted to be taken in reliance on it is prohibited and may be unlawful.

PAY TO THE ORDER OF _Kris Concepts_

DATE _6/10/10_

75-1358/919

$ _1215 00_

_Twelve hundred Fifteen Dollars_ No/  DOLLARS

21ˢᵗ CENTURY BANK
www.21stcenturybank.com
1-866-318-21ST

FOR _Fork / Dirt Bike_



061418  2476  000622357  ▓▓▓▓▓  Cent Bk 0031

ENDORSE HERE

PAY TO THE ORDER OF
CENTRAL BANK
MINNESOTA
FOR DEPOSIT ONLY
AUTOMOTIVE CONCe

DO NOT ... 



**EXHIBIT**

_F_

516

PAY TO THE
ORDER OF _Lasite_

Twenty Five Hundred NO

DATE 6/12/10

75-1368
919

$ 4500

DOLLARS

**21ˢᵗ CENTURY BANK**
www.21stcenturybank.com
1-866-316-21ST

FOR _____

ENDORSE HERE
Deposit Only
3151743
Lafayette Club
6/14/2010
Anchor Bank, N. A.

PAY TO THE
ORDER OF  *Auto Concepts*

*Five Thousand no/*

DATE 6/13/10

$ 500

DOLLARS

21ˢᵗ CENTURY BANK
www.21stcenturybank.com
1-866-318-21ST

FOR HARLEY

DS1418: 2476 880522356    Cent Bk 9831

ENDORSE HERE

PAY TO THE ORDER OF
CENTRAL BANK

FOR DEPOSIT ONLY
AUTOMOTIVE INC.

DO NOT

Dennis Hecker
612 386 5000

DATE 6/10/10

75-1368
919 6

PAY TO THE ORDER OF Way 21ff

$ 1275 00

Twelve Hundred Seventy Five Dollars no/

DOLLARS

21 CENTURY BANK

www.21stcenturybank.com
1-866-318-21ST

FOR 1017        1275.00

ENDORSE HERE

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE

CREDITED TO THE ACCOUNT OF
WITHIN NAMED PAYEE
LACK OF ENDORSEMENT GUARANTEED
WELLS FARGO BANK, N.A.

# CASHIER'S CHECK

DATE: 6/18/10

REMITTER: 21ST CENTURY BANK

BRANCH: 0005
ORIGINATOR: MRUIZ
TIME: 10:55:15

CHECK AMT: $30,000.00

TO: DENNIS E. HECKER

## NON-NEGOTIABLE



| 21st CENTURY BANK | | Universal Debit | | |
|---|---|---|---|---|

MR. 6/18/10
Approved by          Date
DDA / SAV WIP
CUSTOMER NAME

Tran Code

78

| LOANS | COP | CHECKING | SAVINGS |
|---|---|---|---|
| 15- Advance | 73- Manual Advance | 88- Closing Withdrawal | 31- Regular Withdrawal |
|  | GL | 82- Debit Memo | 34- Debit Memo |
|  | 78- GL Debit | 84- Credit Reversal | 89- Closing Withdrawal |

Account Number

Amount

DESCRIPTION

Closed account # ▮▮▮▮ Cashed cashiers
check #211159 made payable to: Dennis E.
Hecker. Account closed due to identification issues. $
Dennis E Hecker received $30,000.⁰⁰ in cash on 6/18/10
X _(signature)_

30,000.00



**EXHIBIT**

G





$10,000
$10,000

21st CENTURY BANK
091818695
JUN 18 2010
Branch 5
LORETTO, MN
55357

$10,000
$10,000
$10,000

$10,000
$10,000
$10,000

21st CENTURY BANK
091818695
JUN 18 2010
Branch 5
LORETTO, MN
55357

$10,000
$10,000
$10,000

# Customer Information 2



| | | | |
|---|---|---|---|
| Last: Hecker | First: Dennis | | Middle: Earl |

Address: 1615 Northridge Drive
City: Wayzata    State: MN    ZIP: 55391
Phone: (612)386-5000    Phone since: 06/19/2010

Birthdate: 06/19/1952    Height:    Hair Color:
Eye Color:    Weight:    Gender: U
Description:

Customer ID: ▮▮▮▮▮    SSN: ▮▮▮▮▮
Entered On: 06/19/2010    Entered By:
Visit Count: 9    Date Last Visit: 08/20/2010



## Identifications

| Type | Description | Value | State | Comment | Verified |
|---|---|---|---|---|---|
| MND | | ▮▮▮▮ | | | No |

## Checks

| Location | Type | Date | Maker Name | Routing Number | Check # | Amount | Fees | ID |
|---|---|---|---|---|---|---|---|---|
| 8187B | J | 07/16/10 | Wumo | | 141244448 | $1,000.00 | | 8187B-0465352 |
| 8187B | J | 07/16/10 | Wumo | | 141244448 | $1,000.00 | | 8187B-0465351 |
| 8187B | J | 06/29/10 | Wumo | | 141244448 | $1,000.00 | | 8187B-0464767 |
| 8187B | J | 06/29/10 | Wumo | | 141244448 | $1,000.00 | | 8187B-0464768 |
| 8187B | J | 06/29/10 | Wumo | | 141244448 | $1,000.00 | | 8187B-0464769 |
| 8187B | E | 06/18/10 | Prudential Financial | | 164155200 | $28,689.42 | $862.18 | 8187B-0461104 |
| 8187B | E | 06/18/10 | Prudential Financial | | 174016494 | $29,055.00 | $873.15 | 8187B-0462283 |
| 8187B | E | 06/18/10 | Prudential Financial | | 174016494 | $36,750.00 | $1,104.00 | 8187B-0462083 |
| 8187B | E | 06/17/10 | Prudential Financial | | 174016489 | $29,860.42 | $897.31 | 8187B-0460691 |
| | | | | | | $129,354.84 | $3,736.64 | |



EXHIBIT
H



**Prudential**

The Prudential Insurance Company of America
Customer Service Office
PO Box 7390
Philadelphia, PA 18176
www.prudential.com

Wachovia Bank of Delaware, N.A.
Wilmington, DE 19803

62-22
311

N 1641552008

CONTRACT 77 920 928 - 523

Pay: ***TWENTY-EIGHT THOUSAND SIX HUNDRED EIGHTY-NINE
AND 42/100 DOLLARS

JUN 18 2010    $****28689.42

Void after 180 days                    Dollars  Cents

To the Order of: DENNIS E HECKER*************************
*************************************
*************************************
*************************************

TREASURER

CONTROLLER

🔒 Security Features Included (Details on Back)

⑈1641552008⑈

---

VOID WITHOUT BLUE BACKGROUND AND GENUINE CHAIN LINK WATERMARK

**Prudential**

The Prudential Insurance Company of America
Customer Service Office
PO Box 7390
Philadelphia, PA 18176
www.prudential.com

Wachovia Bank of Delaware, N.A.
Wilmington, DE 18803

62-22
311

N 1740164944

CONTRACT 94 550 029 - 523

Pay: **********************TWENTY-NINE THOUSAND FIFTY-FIVE
**************************AND 00/100 DOLLARS

JUN 18 2010    $****29055.00

Void after 180 days                    Dollars  Cents

To the Order of: DENNIS E HECKER*************************
*************************************
*************************************
*************************************

TREASURER

CONTROLLER

🔒 Security Features Included (Details on Back)

⑈1740164944⑈

---

VOID WITHOUT BLUE BACKGROUND AND GENUINE CHAIN LINK WATERMARK

**Prudential**

The Prudential Insurance Company of America
Customer Service Office
PO Box 7390
Philadelphia, PA 18176
www.prudential.com

Wachovia Bank of Delaware, N.A.
Wilmington, DE 18803

62-22
311

N 1740164946

CONTRACT 94 602 336 - 523

Pay: ********THIRTY-SIX THOUSAND SEVEN HUNDRED FIFTY
*********************AND 00/100 DOLLARS

JUN 18 2010    $****36750.00

Void after 180 days                    Dollars  Cents

To the Order of: DENNIS E HECKER*************************
*************************************
*************************************
*************************************

TREASURER

CONTROLLER

🔒 Security Features Included (Details on Back)

⑈1740164946⑈

BLAINBROOK

763754079Ø    20:06  03/05/2006



Prudential

The Prudential Insurance Company of America
Customer Service Office
PO Box 7390
Philadelphia, PA 19176
www.prudential.com

Wachovia Bank of Delaware, N.A.
Wilmington, DE 10903

62-22
311

N 1740164894

MINX   CONTRACT 94 550 031   555

Pay: ********TWENTY-NINE THOUSAND EIGHT HUNDRED SIXTY
**************AND 42/100 DOLLARS

JUN 17 2010   $****29860.42

Void after 180 days

Dollars Cents

To the
Order of: DENNIS E HECKER*****************************
*******************************************
*******************************************
*******************************************
*******************************************

TREASURER

CONTROLLER

Security Features Included (Details on Back)

⑈1740164894⑈



WESTERN MONEY
UNION ORDER

WESTERN UNION FINANCIAL SERVICES INC. - ISSUER
Englewood, Colorado

***PAY EXACTLY $1000.00

A 509179 D 062910
T 1459 01
14124448504 L 000000

14-124444850
$1000.00

PAY EXACTLY ONE THOUSAND DOLLARS AND NO CENTS
PAY TO THE
ORDER OF

PURCHASER'S ADDRESS

PAY TO THE ORDER
YOUR EXCHANGE
SPRING LAKE PARK
WELLS FARGO

⑈102100400⑈

WESTERN MONEY
UNION ORDER

WESTERN UNION FINANCIAL SERVICES INC. - ISSUER
Englewood, Colorado

***PAY EXACTLY $1000.00

A 509179 D 062910
T 1454 01
14124448432 L 000000

14-124444843
$1000.00

PAY EXACTLY ONE THOUSAND DOLLARS AND NO CENTS
PAY TO THE
ORDER OF

PURCHASER'S ADDRESS

PAY TO THE ORDER
YOUR EXCHANGE
SPRING LAKE PARK
WELLS FARGO

⑈102100400⑈



**WESTERN UNION MONEY ORDER**

WESTERN UNION FINANCIAL SERVICES INC. - ISSUER
Englewood, Colorado

***PAY EXACTLY $1000.00

A 509179 D 062910
T 1454 01
14124448477 L 000000

14-124444847

$1000.00

PAY EXACTLY ONE THOUSAND DOLLARS AND NO CENTS

PAY TO THE ORDER OF

PAY TO THE ORDER
YOUR EXCHANGE
SPRING LAKE PARK
WELLS FARGO

PAYMENT FOR/ACCT. #

PURCHASER'S ADDRESS

PURCHASER'S SIGNATURE

⑈102100400⑈

---

**WESTERN UNION MONEY ORDER**

WESTERN UNION FINANCIAL SERVICES INC. - ISSUER
Englewood, Colorado

***PAY EXACTLY $1000.00

A 509179 D 062910
T 1454 01

14-124444848

$1000.00

PAY TO THE ORDER
YOUR EXCHANGE
SPRING LAKE PARK
WELLS FARGO

PAY EXACTLY ONE THOUSAND DOLLARS AND NO CENTS

PAY TO THE ORDER OF

PAYMENT FOR/ACCT. #

PURCHASER'S ADDRESS

PURCHASER'S SIGNATURE

⑈102100400⑈

---

**WESTERN UNION MONEY ORDER**

WESTERN UNION FINANCIAL SERVICES INC. - ISSUER
Englewood, Colorado

***PAY EXACTLY $1000.00

A 509179 D 062910
T 1454 01
14124448468 L 000000

14-124444846

$1000.00

PAY EXACTLY ONE THOUSAND DOLLARS AND NO CENTS

PAY TO THE ORDER OF

PAY TO THE ORDER
YOUR EXCHANGE
SPRING LAKE PARK
WELLS FARGO

PAYMENT FOR/ACCT. #

PURCHASER'S ADDRESS

PURCHASER'S SIGNATURE

⑈102100400⑈

---

**WESTERN UNION MONEY ORDER**

WESTERN UNION FINANCIAL SERVICES INC. - ISSUER
Englewood, Colorado

***PAY EXACTLY $1000.00

A 509179 D 062910
T 1454 01
14124448423 L 000000

14-124444842

$1000.00

PAY EXACTLY ONE THOUSAND DOLLARS AND NO CENTS

PAY TO THE ORDER OF

PAY TO THE ORDER
YOUR EXCHANGE
SPRING LAKE PARK
WELLS FARGO

PAYMENT FOR/ACCT. #

PURCHASER'S ADDRESS

PURCHASER'S SIGNATURE

# Customer Information 2





Last: Rowan    First: Christi    Middle: Michlle

Address:   1615 Northridge Dr
City:   Wayzata          State:   MN        ZIP:   55391
Phone:   (763)413-1104    Phone since:   06/14/2010

Birthdate:   08/28/1973    Height:
Eye Color:                 Weight:
Description:                             Gender:   U    Hair Color:

Customer ID:                        SSN:
Entered On:   06/14/2010    Entered By:
Visit Count:   10           Date Last Visit:   08/09/2010

## Identifications

| Type | Description | Value | State | Comment | Verified |
|------|-------------|-------|-------|---------|----------|
| MND | | | | | No |

## Checks

| Location | Type | Date | Maker Name | Routing Number | Check # | Amount | Fees | ID |
|----------|------|------|------------|----------------|---------|--------|------|-----|
| 8187B | F | 08/01/10 | Gifts Galore | | 1291 | $455.00 | $23.50 | 8187B-0469395 |
| 8187B | C | 07/30/10 | June, Llc | | 3385 | $295.00 | $8.13 | 8187B-0467488 |
| 8187B | D | 07/09/10 | June, Llc | | 3371 | $525.00 | $14.62 | 8187B-0464766 |
| 8187B | 0 | 07/01/10 | Wf Cashier's Check | | 220837 | $10.00 | | 8187B-0464765 |
| 8187B | C | 07/01/10 | Wf Cashier's Check | | 220834 | $75.00 | $2.63 | 8187B-0464764 |
| 8187B | J | 06/23/10 | Wumo | | 140667691 | $130.00 | | 8187B-0462048 |
| 8187B | J | 06/23/10 | Wumo | | 140667691 | $1,000.00 | | 8187B-0462047 |
| 8187B | J | 06/23/10 | Wumo | | 140667691 | $1,000.00 | | 8187B-0466126 |
| 8187B | J | 06/19/10 | Wumo | | 140667690 | $350.00 | | 8187B-0460810 |
| 8187B | J | 06/19/10 | Wumo | | 140667690 | $420.00 | | 8187B-0460813 |
| 8187B | J | 06/19/10 | Wumo | | 140667690 | $475.00 | | 8187B-0462046 |
| 8187B | J | 06/19/10 | Wumo | | 140667690 | $650.00 | | 8187B-0460811 |
| 8187B | J | 06/19/10 | Wumo | | 140667690 | $1,000.00 | | 8187B-0460812 |
| 8187B | E | 06/11/10 | Transamerica Life Insurance | | 2500683 | $1,300.00 | $40.50 | 8187B-0459818 |
| | | | | | | **$7,685.00** | **$89.38** | |



CASHIER'S CHECK

WELLS FARGO BANK N.A.
2705 NW ANDERSON COURT
PORTLAND OR 97210
FOR INQUIRIES CALL (800) 3945122

WELLS FARGO BANK

No. 220837
Date: 07/01/10

11-24/1210(8)

For ████████████

Pay Exactly $10 dols 00 cts
Ten dollars and 00 cents

$10.00

Void if over $10.00

PAY TO THE ORDER OF ████████████
CHRISTI ROWAN
1615 NORTHRIDGE DR
WAYZATA MN 55391-9571

AUTHORIZED SIGNATURE

⑈220837⑈

---

THE FACE OF THIS DOCUMENT HAS A VOID PANTOGRAPH. THE REVERSE SIDE HAS AN ARTIFICIAL WATERMARK. HOLD AT AN ANGLE TO VIEW.

TRANSAMERICA LIFE INSURANCE COMPANY
4333 EDGEWOOD ROAD N.E.
CEDAR RAPIDS, IA 52499

C07
CHECK NO. 02500683
BNY MELLON TRUST OF DELAWARE
NEWARK, DELAWARE 19711

62-35
311

DATE 06-11-2010
MM DD YYYY

PAY EXACTLY ONE THOUSAND THREE HUNDRED DOLLARS AND NO CENTS

$ ******1,300.00

TRANSAMERICA LIFE INSURANCE CO.

TO THE ORDER OF
CHRISTI M ROWAN
2545 COLFAX AVE S
MINNEAPOLIS      MN 55405-2947

BY _____
AUTHORIZED REPRESENTATIVE

⑈0250068 3⑈

---

ON THIS ORIGINAL DOCUMENT HAS A WATERMARK IN THE PAPER - HOLD TO LIGHT TO VIEW. THE FACE OF THIS DOCUMENT HAS

CASHIER'S CHECK

WELLS FARGO BANK N.A.
2705 NW ANDERSON COURT
PORTLAND OR 97210
FOR INQUIRIES CALL (800) 394-3122

WELLS FARGO BANK

No. 220834
Date: 07/01/10

11-24/1210(8)

For ████ M C ████

Pay Exactly $75 dols 00 cts
Seventy Five dollars and 00 cents

$75.00

Void if over $75.00

PAY TO THE ORDER OF ████ M C ████
CHRISTI M ROWAN
1615 NORTHRIDGE DR
WAYZATA MN 55391-9571

AUTHORIZED SIGNATURE

⑈220834⑈

BLAINBROOK

03/05/2006 20:06   7637540790

**WESTERN UNION | MONEY ORDER**

WESTERN UNION FINANCIAL SERVICES INC. - ISSUER

Payable at Wells Fargo Bank Grand Junction - Downtown, N.A., Grand Junction, Colorado        Englewood, Colorado

***PAY EXACTLY $1000.00

A 509179 D 061910
T 1523 01
140667690893 L 000000

14-066769089

$ 1000.00

PAY EXACTLY ONE THOUSAND DOLLARS AND NO CENTS

PAY TO THE
ORDER OF        CASH

PURCHASER'S ADDRESS

PAYMENT FOR/ACCT. #

PURCHASER'S SIGNATURE

⑈102100400⑈ ▉▉▉▉▉▉▉

---

**WESTERN UNION | MONEY ORDER**

WESTERN UNION FINANCIAL SERVICES INC. - ISSUER

Payable at Wells Fargo Bank Grand Junction - Downtown, N.A., Grand Junction, Colorado        Englewood, Colorado

***PAY EXACTLY $650.00

A 509179 D 061910
T 1519 01
140667690758 L 000000

14-066769075

$ 650.00

PAY EXACTLY SIX HUNDRED FIFTY DOLLARS AND NO CENTS

PAY TO THE
ORDER OF        CASH

PURCHASER'S ADDRESS

PAYMENT FOR/ACCT. #

PURCHASER'S SIGNATURE

⑈102100400⑈ ▉▉▉▉▉▉▉

---

**WESTERN UNION | MONEY ORDER**

WESTERN UNION FINANCIAL SERVICES INC. - ISSUER

Payable at Wells Fargo Bank Grand Junction - Downtown, N.A., Grand Junction, Colorado        Englewood, Colorado

***PAY EXACTLY $420.00

A 509179 D 061910
T 1518 01
140667690713 L 000000

14-066769071

$ 420.00

PAY EXACTLY FOUR HUNDRED TWENTY DOLLARS AND NO CENTS

PAY TO THE
ORDER OF        CASH

PURCHASER'S ADDRESS

PAYMENT FOR/ACCT. #

PURCHASER'S SIGNATURE

⑈102100400⑈ ▉▉▉▉▉▉▉

**WESTERN UNION MONEY ORDER**

**WESTERN UNION FINANCIAL SERVICES INC. - ISSUER**
Payable at Wells Fargo Bank Grand Junction - Downtown, N.A., Grand Junction, Colorado   Englewood, Colorado

***PAY EXACTLY $1000.00**

A 509179 D 062310
T 1540 01
140667691388 L 000000

14-066769138
$ 1000.00

PAY EXACTLY ONE THOUSAND DOLLARS AND NO CENTS

PAY TO THE ORDER OF  Christi Rowan

1615 N RIDGE DRIVER'S ADDRESS MAHBATA 55391

PAYMENT FOR/ACCT. #

PURCHASER'S SIGNATURE

⑆102100400⑆

---

**WESTERN UNION MONEY ORDER**

**WESTERN UNION FINANCIAL SERVICES INC. - ISSUER**
Payable at Wells Fargo Bank Grand Junction - Downtown, N.A., Grand Junction, Colorado   Englewood, Colorado

***PAY EXACTLY $475.00**

A 509179 D 061910
T 1520 01
140667690767 L 000000

14-066769076
$ 475.00

FOUR HUNDRED SEVENTY-FIVE DOLLARS AND NO CENT

PAY EXACTLY $

PAY TO THE ORDER OF  Christi Rowan

1615 NORTHRIDGE PURCHASER'S ADDRESS

PAYMENT FOR/ACCT. #

CHRISTI ROWAN

PURCHASER'S SIGNATURE

⑆102100400⑆

---

**WESTERN UNION MONEY ORDER**

**WESTERN UNION FINANCIAL SERVICES INC. - ISSUER**
Payable at Wells Fargo Bank Grand Junction - Downtown, N.A., Grand Junction, Colorado   Englewood, Colorado

***PAY EXACTLY $1000.00**

A 509179 D 062310
T 1541 01
140667691406 L 000000

14-066769140
$ 1000.00

PAY EXACTLY ONE THOUSAND DOLLARS AND NO CENTS

PAY TO THE ORDER OF  Christi Rowan

PURCHASER'S ADDRESS

PAYMENT FOR/ACCT. #

Christi Rowan

PURCHASER'S SIGNATURE

⑆102100400⑆

---

**WESTERN UNION MONEY ORDER**

**WESTERN UNION FINANCIAL SERVICES INC. - ISSUER**
Payable at Wells Fargo Bank Grand Junction - Downtown, N.A., Grand Junction, Colorado   Englewood, Colorado

***PAY EXACTLY $350.00**

A 509179 D 061910
T 1518 01
140667690704 L 000000

14-066769070
$ 350.00

PAY EXACTLY THREE HUNDRED FIFTY DOLLARS AND NO CENTS

PAY TO THE ORDER OF  CASH

PURCHASER'S ADDRESS

PAYMENT FOR/ACCT. #



**JUNE, LLC**
3406 LYNDALE AVE S
MINNEAPOLIS, MN 55408-4151

3371

17-1/910 300
9473510247

Pay to the Order of ~~Christi Rowan~~                    9 July 10  Date

$ 525.00

~~Five hundred twenty five 00/00~~ — Dollars

Wells Fargo Bank, N.A.
wellsfargo.com

For ~~Resale~~                    ~~Leanne Simon~~

⑆0910000019⑆

---

**JUNE, LLC**
3406 LYNDALE AVE S
MINNEAPOLIS, MN 55408-4151

3385

17-1/910 300
9473510247

Pay to the Order of ~~Christi Rowan~~                    27 July 10  Date

$ 295.00

~~Two hundred ninety five 00/00~~ — Dollars

Wells Fargo Bank, N.A.
Minnesota
wellsfargo.com

For ~~resale~~                    ~~Leanne Simon~~

⑆0910000019⑆

---

**GIFTS GALORE, LTD.**
**LEANNE M. HUNT**
709 E. ROSE MARIE LANE   PH. 602-404-4498
PHOENIX, AZ 85022

81-2/1221
26071765

1291

DATE 8/01/10

PAY TO THE ORDER OF ~~Christi Rowan~~

$ 455.00

~~four hundred fifty five & 00/100~~ — DOLLARS

**CHASE**
JPMorgan Chase Bank, N.A.
Phoenix, Arizona 85073

MEMO ~~$455 + $500 Cash~~                    ~~Leanne M Hunt~~

⑆122100024⑆

---

**WESTERN UNION MONEY ORDER**

**WESTERN UNION FINANCIAL SERVICES INC. - ISSUER**
Englewood, Colorado

xxxPAY EXACTLY $130.00

A 509179 D 062010
T 1539 01
140667691352 0 000000

14-066769135

$130.00

PAY EXACTLY ONE HUNDRED THIRTY DOLLARS AND NO CENTS

PAY TO THE ORDER OF ~~Christi Rowan~~

PAYMENT FOR/ACCT. #

PURCHASER'S ADDRESS          ~~Christi Rowan~~
                            PURCHASER'S SIGNATURE

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,                                  Crim. No. 10-32 (JNE/SRN)

           Plaintiff,

v.                                                         **ORDER**

Dennis Earl Hecker (01),

           Defendant.

---

Nicole A. Engisch and Nancy E. Brasel, Office of the United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff United States of America

William J. Mauzy, Law Offices of William J. Mauzy, 510 1st Avenue North, Suite 610, Minneapolis, Minnesota 55403, for Defendant

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-captioned case comes before the undersigned United States Magistrate Judge on the Supplemental Motion to Withdraw as Attorney filed by William J. Mauzy (Doc. No. 67). This case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1.

## I.    BACKGROUND

Mr. Mauzy appeared on behalf of Defendant Dennis Hecker at Mr. Hecker's February 11, 2010 first appearance in federal court on criminal charges. Shortly thereafter, in a United States Bankruptcy Court proceeding involving Mr. Hecker, Chrysler Financial Servs. Americas, LLC v. Dennis E. Hecker, the Honorable Robert J. Kressel ruled that, as a sanction for discovery violations, $83,070,987 of Chrysler Financial's judgment against Mr. Hecker was not dischargeable in Mr. Hecker's bankruptcy proceedings. (Order of 2/23/2010 at 9-11, Bankr. D.



EXHIBIT
I

Minn., File No. 09-5019, Doc. No. 86.)

On March 9, 2010, Mr. Mauzy moved to withdraw from his representation of Mr. Hecker, arguing that, due to the Bankruptcy Court's decision in <u>Chrysler Financial</u>, Mr. Hecker was unable to pay for his services.  Mr. Mauzy averred that he had advised Mr. Hecker that he would seek to withdraw if Mr. Hecker was unable to provide compensation for his legal services. (Mauzy Mem. Supp. Mot. Withdraw at 2.)

Mr. Marsh Halberg, an attorney who, along with Mr. Mauzy, had appeared on Mr. Hecker's behalf at Mr. Hecker's first appearance, also moved to withdraw for similar reasons. At the March 10 hearing on the motions of both attorneys to withdraw, the Court granted Mr. Halberg's motion.  Mr. Mauzy, however, orally withdrew his motion, indicating that through fund-raising efforts, it appeared that Mr. Hecker would be able to fulfill his financial obligations to Mr. Mauzy.

On March 30, 2010, Mr. Mauzy filed the instant motion, seeking permission to withdraw as counsel.  He again cites Mr. Hecker's inability to compensate him as the reason for his request.  The Government does not oppose Mr. Mauzy's motion, but argues that should it be granted, that the trial date of October 18, 2010 remain firm.  In addition, the Government requests that should Mr. Hecker later secure private counsel through fund-raising efforts or otherwise, that he be required to reimburse the public for the work done by appointed counsel pursuant to 18 U.S.C. § 3006A(f).

## II.   DISCUSSION

Under the Local Rules, an attorney who has appeared as the attorney of record in a case cannot terminate the relationship by withdrawal without seeking leave to make a formal

withdrawal of record.  D. Minn. L. R. 83.7(a); <u>see also</u> <u>Anders v. California</u>, 386 U.S. 786, 744

(1967).   Also under the Local Rules, "withdrawal without substitution may be granted only by a

motion made before the Court, for good cause shown."  D. Minn. L.R. 83.7(c).  This Court views

motions of counsel to withdraw as "inherently fact-specific" and considers such motions in the

context of the attorney's duties to the Court, to the client and to the profession.  <u>Cabo Holdings,</u>

<u>LLC v. Engelhart</u>, 07-CV-3524 (PJS/RLE), 2008 WL 4831757, * 3 (D. Minn. Nov. 3, 2008).

This Court has relied upon the Minnesota Rules of Professional Conduct in making a

determination of whether "good cause" has been shown by counsel seeking to withdraw.  <u>See</u>

<u>Luiken v. Domino's Pizza LLC</u>, 09-CV-516 (DWF/AJB), 2009 WL 4723296 (D. Minn. Dec. 2,

2009). The Minnesota Rules of Professional conduct provide, in pertinent part:

> A lawyer may withdraw from representing a client if:
>
> ***
>
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (6) the representation will result in an unreasonable financial burden on the lawyer . . . ; or
>
> (7) other good cause for withdrawal exists.

Minn. R. Prof. Cond. 1.16(b)(5)-(7).  The comments to the Rule further provide that "[a] lawyer

may withdraw if the client refuses to abide by the terms of an agreement relating to the

representation, such as an agreement concerning fees or court costs . . . ."  <u>Id.</u> cmt. 8.

While what constitutes "good cause" for withdrawal of counsel is determined on a case-

by-case basis, a party's failure to pay attorney's fees has been held to constitute "good cause."

<u>See</u> <u>Cabo Holdings, LLC</u>, 2008 WL 4831757 at *5 (holding that law firm seeking withdrawal

"bears no responsibility, express or implied, to provide gratuitous finances" to the client).  In addition to an attorney's stated reason for seeking withdrawal, courts also consider whether the withdrawal will cause the parties any prejudice and whether it will interfere with the prompt administration of justice, such as by causing delay.  See Taylor v. Stewart, 20 F.Supp.2d 882, 883 (E.D. Pa. 1998); United States ex rel. Cherry Hill Convalescent Center, Inc. v. Healthcare Rehab Sys., Inc., 994 F.Supp. 244, 252-53 (D. N. J. 1997).  Courts likewise consider the effect of withdrawal on whether or not the client will be able to obtain new counsel, particularly in light of the stage and complexity of the litigation, and whether the prosecution of the case will likely be disrupted by the withdrawal of counsel.  See Cabo Holdings, LLC, 2008 WL 4831757 at *5; Mille Lacs Band of Chippewa Indians v. Minnesota, 152 F.R.D. 580, 582-83 (D. Minn. 1993).

Here, the Court is persuaded that Mr. Mauzy has demonstrated the requisite showing of good cause.  Moreover, Mr. Hecker has been advised that his failure to compensate counsel legal services could result in counsel's withdrawal from representation and Mr. Hecker does not oppose the instant motion.  The stage of the litigation is early and Mr. Mauzy's withdrawal will not hinder the prompt administration of justice.

At the hearing held on April 12, 2010 on this motion, the Court inquired of Mr. Hecker's finances, under oath.  Mr. Hecker testified that the financial disclosures made in the proceeding before the United States Bankruptcy Court accurately reflect his finances.  The Court therefore determined that Mr. Hecker was financially unable to obtain counsel and appointed the Office of the Federal Defender to represent him.[1]

---

[1]  Federal Defender Katherian Roe accepted the appointment, but due to a conflict of interest, informed the Court that Brian Toder and the Chestnut Cambronne firm would represent Mr. Hecker pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. 3006A.

4

So that Mr. Mauzy's counsel's withdrawal will not unfairly prejudice the parties, the trial date of October 18, 2010 will remain in place. Additionally, if Mr. Hecker should hereafter retain private counsel, or if it is otherwise determined that funds are available for payment from or on behalf of Mr. Hecker, he shall be required to reimburse the government pursuant to 18 U.S.C. § 3006A(f) for any attorney's fees or costs already expended by his court-appointed attorney. The Federal Defender's Office will pursue collection of those fees and costs. See 18 U.S.C. § 3006A(f); United States v. Lefkowitz, 125 F.3d 608, 621 (8th Cir. 1997), cert. denied, 523 U.S. 1079 (1998); United States v. Christopher Smith, 05-CR-282 (MJD/JJG), Order Appointing Federal Defender (D. Minn. Aug. 17, 2007), (Doc. No. 404).

**IT IS HEREBY ORDERED** that:

1.   The Supplemental Motion to Withdraw as Attorney filed by William J. Mauzy (Doc. No. 67) is **GRANTED**;

2.   CJA panel attorney Brian Toder and his firm, Chestnut Cambronne, are hereby appointed to represent Defendant from the date of this hearing and for all subsequent proceedings in this matter; and

3.   If Defendant should hereafter retain private counsel, or if it is otherwise determined that funds are available for payment from or on behalf of Defendant, he shall be required to reimburse the government pursuant to 18 U.S.C. § 3006A(f) for any attorney's fees or costs already expended by his court-appointed attorney. The Federal Defender's Office will pursue collection of those fees and costs

5

Dated: April 12 , 2010

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

## Matthew Burton - Hecker

**From:**   barbara may <barbarajmay@hotmail.com>
**To:**      Matt Burton <mburton@losgs.com>, barbara may <barbarajmay@hotmail.com>
**Date:**   Thursday, September 02, 2010 4:06 PM
**Subject:** Hecker

I have mailed out the responses to the Turnover motion.

I have collected $10,000.00 of the estate's money, and it is aging in my trust account.  I have received a call of $55,000 going into my trust account tomorrow.  I have received multiple other calls from people who are making payments, or wiring in funds.

I am sorry that it is slower going this time, but it is a larger amount.  I am working it- hard.  As soon as I'm not at risk of a deposit bouncing, I will start sending over the funds.

Barbara J. May
2780 N. Snelling #102
Roseville, MN  55113
651-486-8887
Fax 651-486-8890



EXHIBIT

J

# Matthew Burton - RE: Hecker

**From:** barbara may <barbarajmay@hotmail.com>
**To:** Matt Burton <mburton@losgs.com>
**Date:** Tuesday, September 07, 2010 8:39 AM
**Subject:** RE: Hecker

Two checks did not clear, one I had to return.

Barbara J. May
2780 N. Snelling #102
Roseville, MN 55113
651-486-8887
Fax 651-486-8890


> Date: Tue, 7 Sep 2010 08:38:05 -0500
> From: MBurton@losgs.com
> To: barbarajmay@hotmail.com
> Subject: Re: Hecker
>
> Didn't you already have some deposits to your trust account, though?
>
> -----Original Message-----
> From: barbara may <barbarajmay@hotmail.com>
> To: Matthew Burton <MRB@losgs.com>
>
> Sent: 9/7/2010 8:36:16 AM
> Subject: RE: Hecker
>
>
> Document production was mailed last week, first class, from the Roseville post office. Dollars have fallen through
entirely in light of today's events. Denny's donors have dried up.
>
>
>
> Barbara J. May
> 2780 N. Snelling #102
> Roseville, MN 55113
> 651-486-8887
> Fax 651-486-8890
>
>
>
> > Date: Tue, 7 Sep 2010 08:23:32 -0500
> > From: MBurton@losgs.com
> > To: barbarajmay@hotmail.com
> > Subject: Hecker
> >
> > What is status of money and document production. Have not received docs (although mail has not arrived,
yet).
>

# Barbara J. May

Licensed in Minnesota and Wisconsin

Attorney at Law

Susan E. Eastman
Paralegal
Legal Secretary

Septmber 16, 2010

RANDY SEAVER
12400 PORTLAND AVE S
SUITE 132
BURNSVILLE, MN 55337

Re: HECKER, DENNIS E.
09-50779

Dear Randy,

Thank you for your recent call.. You and I have been trying this case by proxy for months, and it was nice to finally hear from you personally.

I have also received your letter of September 13. I understand that you are planning a 2004 deposition, and that you are looking for the ultimate recipient of the liquidated life insurance policies. Mr. Hecker and I agree to attend a 2004 deposition without court order, and we agree to provide whatever help we can to track assets of the estate. I can do most anything with two weeks notice.

You asked me about the $30,000.00 trust account check I sent to the estate in July, 2010. My client delivered a cash to my office, and I deposited it in my Wells Fargo IOLTA account. I have enclosed my deposit slip. I did not otherwise photocopy the bills.

I also currently have $15,000 in my trust account from Mr. Hecker. I deposited $10,000 on July 2, 2010, and $5000.00 on July 3, 2010. I have enclosed the deposit slips and copies of the checks I deposited. (Please note that one of the deposit slips shows a $15,000.00 deposit from another client, who deserves her privacy. I have concealed her name. She is not part of the Hecker case.). I was told that the checks I deposited from Mr. Hecker might not be good, and I have been hesitant to draw against those funds. But at this time it has been two weeks, and the funds appear to have cleared. Accordingly, I have enclosed my trust account check for $15,000.00.

You have also asked Mr. Hecker for a breakdown of how he spent the life insurance policy proceeds. Mr. Hecker has provided me with a handwritten list of places he spent the life insurance proceeds, and I have included it for your files. I believe that Mr. Hecker also put $1000 into an account with Prudential for each of three of his children.

EXHIBIT

K

I look forward to continuing to work with you on this case. Please let me know what else you need from me.

Very truly yours,

Barbara J. May
Attorney at Law

bm/mb
barbarajmay@hotmail.com
enc
cc: Denny Hecker
cc: Brian Toder
cc: Matt Burton

**Wells Fargo Bank**
**Transaction Record**

STORE # 09550 13                    Deposit

Account Number                      XXXXXX9648
00300
Cash In                             $30,000.00
Number of checks                             0

Total Deposited                     $30,000.00
Less Cash                              - $0.00
Net Deposit Amount                  $30,000.00

Transaction # 003 0007
03:33PM   07/19/10 Credited: 07/20/10

Avoid having your debit card declined ...
Speak with a Banker today.

Thank you, Amy



Central Bank
**Cashier's Check**
75-511/919

248172

2270 Frontage Road West, Stillwater, MN 55082
PH. 651-439-3050 FAX: 651-351-1550

August 23, 2010

PAY TO THE ORDER OF **DENNIS HECKER**

$ 5,000.00

PAY EXACTLY

$5,000DOL00CTS

DOLLARS

REMITTER **DENNIS HECKER**

---



**DANIEL C. PORTER**

77-1059/913

3217

DATE 8/30/10

PAY TO THE ORDER OF Denny Hecker

$ 5000.00

Five thousand ____ DOLLARS

Kirkwood
BANK & TRUST

3911 N. Club Dr., Ste. 101
P.O. Box 5405
Bismarck ND 58506-5405
231 1st Ave. West
P.O. Box 1387
Dickinson, ND 58602-1387

MEMO

---

*Deposit slip (inverted):*

DEPOSIT TICKET

WELLS FARGO BANK, N.A.
MINNEAPOLIS, MN 55479

BARBARA J. MAY ATTORNEY AT LAW
ATTORNEY AT LAW
TRUST ACCOUNT

DATE 9/2/2010

| | CURRENCY | DOLLARS | CENTS |
|---|---|---|---|
| | COIN | | |
| | LIST EACH CHECK | | |
| 1 | Dennis Hecker Cashiers check | 5000 | 00 |
| 2 | Kirkwood Bank | 5000 | 00 |
| ... | | | |

TOTAL ITEMS

$ 10,000 00

1000001

DEPOSIT TICKET

BARBARA J. MAY ATTORNEY AT LAW
ATTORNEY AT LAW
TRUST ACCOUNT

DATE: 9/3/2010

WELLS FARGO BANK, N.A.
MINNEAPOLIS, MN 55479

| CURRENCY | | |
| COIN | | |
| LIST CHECK | | |

$ 5,000.00

TOTAL FROM OTHER SIDE
OR ATTACHED LIST

PLEASE BE SURE ALL ITEMS
ARE PROPERLY ENDORSED.

TOTAL
ITEMS

17-1-010

---

ANCHOR ✝ BANK.
952-808-8083
www.anchorlink.com

420081

REMITTER: DENNIS HECKER

DATE 9/02/10

76-1623/960

PAY TO THE
ORDER OF: DENNIS HECKER

EXACTLY **5,000 AND 00/100 DOLLARS

$ $5,000.00



## CASHIERS CHECK

THE PURCHASE OF AN INDEMNITY BOND WILL BE REQUIRED BEFORE ANY
CASHIER'S CHECK OF THIS BANK WILL BE REPLACED OR REFUNDED IN THE
EVENT IT IS LOST, MISPLACED, OR STOLEN.

Cindy Kunze
AUTHORIZED SIGNATURE

TOTAL FUNDS        154 A??

RETURN        30K

RETURN        15K

On DEPOSIT        3K

PROD ENTAL

106,000

| | | | |
|---|---|---|---|
| LAFAYETTE | 4300 — | SYD TOTTRAY — 450 | |
| NITRO | 1000 — | DEH OR 600 | |
| DENTIST | 4400 — | SCHRINKS | |
| DULAC | | | |
| LEASE - OFFICE | 5750 | PARK VIOLATIONS | |
| WASHINGTON | | & TOWING 690 — | |
| CASH PUES | 15,155 | PRUDENTIAL 350 — | |
| ACCT 77104 | | DEPOSIT | |
| WRIGHT HENN | 1167 | DH RX SUPPS 2800 — | |
| | 1155 | | |
| | 1175 | | |
| QUEST | 58366 | HOME DEPOT 1100 | COLLINS - 3200 |
| CENTERPOINT | 1330 — | M/O TCF 8000 — | JAILES 250 — |
| | | GRAWM | SCHAL |
| MANAYS | 2750 | MISC SUPPS 300 — | DEKOUSE 200 — |
| MOVIES — | 500K | WACHOFFICE | |
| LOW | | REPAIRS-MAINT 4800 | |
| JEPAY 5000 — | | NORTHRIDGE | |
| JIM GUSTAFSON | | R. 4 MISC — | $81595 |
| DEH-IIB- | 2100 — | CELL PHONES 800 | |
| WAYPATA C/C | 2880 — | PARKING — 60 — | BECAUSE HERE HERE |
| MANNYS | 2750 — | GAB — 1800 | EVERY |
| CED MED | 15185 — | MAINT | WHERE |

R

R