# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

In Re:                                              Case No.:  09-50779
                                                              Chapter 7
Dennis E. Hecker,

      Debtor.

---

Randall L. Seaver, Trustee,                        ADV Case No. 10-5032

      Plaintiff,

vs.

Dennis E. Hecker and
Christi M. Rowan,

      Defendants.

---

## APPLICATION FOR DEFAULT JUDGMENT

---

TO:    DEFENDANT DENNIS E. HECKER.

      1.     PLEASE TAKE NOTICE that Randall L. Seaver, Trustee and Plaintiff herein, applies to the Court for the entry of a default judgment against Defendant Dennis E. Hecker ("**Defendant**").

      2.     The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§157 and 1334, Bankruptcy 5005 and Local Rule of Bankruptcy Procedure 1070-1.  This is a core proceeding.  The petition commencing this Chapter 7 case was filed on June 4, 2009.  This case is now pending in this Court.

      3.     This is an application for default judgment under Bankruptcy Rule 7055 and Local Rule of Bankruptcy Procedure 7055-1.

4.     At the time of filing, Defendant possessed an interest in life insurance policies.  He scheduled certain policies in his Schedule B.  The Hecker list of the policies, from Hecker's schedules, is attached to the Amended Complaint as Exhibit A ("**Scheduled Policies**").

5.     As to the cash value of the Scheduled Policies, at item B9 of his Schedule B, Defendant declared, under penalty of perjury, the following:

"9. Interests in insurance policies.
Name insurance company of each
policy and itemize surrender or
refund value of each.

See Exhibit B (9) attached hereto. Some policies held by trusts.  Records seized by debtor believes one policy has cash surrender value.

- $12,000.00"

6.     For the "one policy with cash surrender value" of $12,000.00, Hecker claimed an $8,400.00 exemption.

7.     On or about July 16, 2010, the Trustee learned that Defendant had deposited a $30,000.00 insurance check at 21st Century Bank and that the bank had, after opening the account, frozen the same and returned the funds to the Defendant.

8.     The Trustee subsequently learned that Defendant had obtained the $30,000 insurance check from Prudential Life Insurance Company.  A copy of the $30,000 check is attached to the Amended Complaint as Exhibit B.

9.     The Trustee further learned that Defendant had obtained the $30,000 check by converting property of the bankruptcy estate through a surrender of, or loan against, Prudential Policy 98 831 668.  A copy of a facsimile transmission sent on Defendant's behalf from the law firm

of Chestnut Cambronne to Prudential Life Insurance Company containing a "request for policy loan" for that policy is attached to the Amended Complaint as Exhibit C.

10. An e-mail string evidencing that the $30,000.00 was property of the bankruptcy estate is attached to the Amended Complaint as Exhibit D.

11. After Defendant opened an account at 21st Century Bank and deposited the $30,000 Prudential check (which he had converted), 21st Century Bank became concerned. A copy of an e-mail exchange relating to some concerns of 21st Century Bank is attached to the Amended Complaint as Exhibit E.

12. Defendant had attempted to pay certain personal expenses with the 21st Century Bank account before it was frozen. Copies of checks Defendant drew in his attempts to effect payment are attached to the Amended Complaint as Exhibit F.

13. On June 18, 2010, Defendant received a $30,000 cashier's check from 21st Century Bank representing the closure of the account. Defendant cashed the check and received $30,000 in cash on June 18, 2010. Copies of the cashier's check, bank records, and the currency bands are attached to the Amended Complaint as Exhibit G.

14. The Trustee received information that Defendant was utilizing a check cashing service named "Your Exchange." On August 17, 2010, the Trustee filed a turnover motion seeking an order of this Court directing Your Exchange and Prudential to turnover records to the Trustee.

15. On or about August 27, 2010, the Trustee received documents from Your Exchange, which indicated that the Defendant and Rowan have been using Your Exchange to cash checks. The documents (redacted) from Your Exchange are attached to the Amended Complaint as Exhibit H.

16.     Among the checks cashed by Defendant are four additional checks liquidating (or obtaining loans against) Prudential insurance policies which were property of the bankruptcy estate. Those checks are as follows:

| | Date | Amount | Contract | Check Number |
|---|---|---|---|---|
| A. | 6/18/10 | $28,689.42 | 77 920 928 | 1641552008 |
| B. | 6/18/10 | $29,055.00 | 94 550 029 | 1740164944 |
| C. | 6/18/10 | $36,750.00 | 94 602 336 | 1740164946 |
| D. | 6/17/10 | $29,860.42 | 94 550 031 | 1740164894 |

**TOTAL:**     124,354.84

17.     Upon information and belief, Defendant converted the Prudential check proceeds to cash, Western Union money orders and a preloaded Mastercard. Defendant thereafter provided Western Union money orders to Rowan.

18.     Defendant has converted assets of this bankruptcy estate. Rowan has assisted Defendant in this endeavor.

19.     On February 10, 2010, Defendant was indicted by a federal grand jury on various charges. Superseding indictments followed on March 9, 2010 (adding bankruptcy fraud) and July 13, 2010.

20.     Pursuant to an Order of the United States District Court dated on April 12, 2010, public defenders were appointed to represent Defendant based, presumably, on his statements regarding his financial condition. A copy of the order is attached to the Amended Complaint as Exhibit I.

21.     Based solely on those checks Defendant negotiated at Your Exchange, it appears that Defendant had over $120,000.00 in his possession and control from June to August 2010. Upon

information and belief, all or substantially all of those funds were property of the bankruptcy estate and were converted by Defendant to his own use.

22.     Defendant's counsel, Barbara J. May, was confronted with the fact that Defendant had converted over $120,000.00 of estate property. The email string attached to the Amended Complaint as Exhibit J evidences that Ms. May confirmed that the money was, in fact, property of the estate.

23.     On or about September 16, 2010, Attorney May provided an additional $15,000.00 to the Trustee.

24.     Defendant pled guilty to the felonies of bankruptcy fraud and wire fraud on September 7, 2010.

25.     Pursuant to the Trustee's request, Defendant provided an "accounting" of his use of the insurance proceeds. A copy of that document is attached to the Amended Complaint as Exhibit K. He has not accounted for over $20,000.00 in funds converted by him.

26.     The total of funds converted by Hecker was $154,354.84. Hecker paid the Plaintiff $45,000.00. Hecker is entitled to an $8,400.00 exemption. Manny's returned $2,750.00 to the trustee. The balance owed by the defendant is $98,204.84.

27.     Defendant has not defended or otherwise appeared in this matter except that he did provide the Trustee with an account pursuant to the Court's Order of October 6, 2010.

28.     The Trustee seeks a money judgment solely on Count V of the Amended Complaint as the damages claimed therein encompass the damages contained in other Counts.

29.     The Trustee further seeks a permanent injunction extending the Court's ruling which granted the Trustee a preliminary injunction.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of the Plaintiff, and against Defendant Dennis E. Hecker, on the grounds that he has failed to answer the Summons and Amended Complaint served upon him in this case, and for such other relief as is just and equitable.

LEONARD, O'BRIEN
SPENCER, GALE & SAYRE, LTD.

Dated:  November 12, 2010

By    /e/ Matthew R. Burton
    Matthew R. Burton, #210018
    Attorneys for Plaintiff
    100 South Fifth Street, Suite 2500
    Minneapolis, MN 55402
    Phone:  (612) 332-1030

## <u>VERIFICATION</u>

The undersigned, Randall L. Seaver, Trustee and Plaintiff, under penalty of perjury, hereby states that he has read the foregoing Application for Default Judgment and states that the information contained herein is true and correct to the best of his information and belief.

/e/ Randall L. Seaver

Dated:  November 12, 2010

_____

Randall L. Seaver

430366

In Re:

Dennis E. Hecker,

       Debtor.

Case No.:  09-50779
Chapter 7

Randall L. Seaver, Trustee,

       Plaintiff,

vs.

Dennis E. Hecker and
Christi M. Rowan,

       Defendants.

ADV Case No. 10-5032

**AFFIDAVIT OF DEFAULT, IDENTIFICATION,
MILITARY STATUS AND AMOUNT DUE**

STATE OF MINNESOTA   )
                ) ss.
COUNTY OF HENNEPIN   )

    Matthew R. Burton, being duly sworn on oath, deposes and says:

    1.     I am one of the attorneys for the Plaintiff in the above-captioned matter, and am authorized to provide legal services to the Plaintiff in this bankruptcy case.

    2.     No response, Answer, or communication of any kind has been received from Defendant Dennis E. Hecker ("**Defendant**"), or from any person or entity purporting to act on behalf of such Defendants in this Adversary Proceeding, except that an accounting was received from the Debtor pursuant to the Court's Order of October 6, 2010.

3.     This adversary case was commenced on September 22, 2010 and the Amended Complaint was filed on October 25, 2010.

4.     The Summons and Complaint were duly served on Defendant by certified mail, return receipt requested, and by first class mail on September 22, 2010.  The Summons and Amended Complaint were duly served on Defendants by certified mail, return receipt requested, and/or by first class mail on October 25, 2010.

5.     Defendant is not in the military service of the United States, on information and belief, and is not an infant or incompetent person, and said Defendant's last known address is:

Dennis E. Hecker
c/o Sherburne County Jail
13880 Highway 10
13880 Business Center Drive
Elk River, MN 55330-4601

6.     Affiant states that he has read the Amended Complaint filed in this action and knows the contents thereof, and that the same is true of his own knowledge and belief, based upon reliable hearsay, and that Defendant Dennis E. Hecker is now indebted to the Plaintiff in the amount as set forth in the Amended Complaint.

**FURTHER YOUR AFFIANT SAYETH NOT.**

/e/  Matthew R. Burton

Dated:  November 12, 2010    _____

Matthew R. Burton

430358

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

In Re:

Case No.: 09-50779
Chapter 7

Dennis E. Hecker,

Debtor.

---

Randall L. Seaver, Trustee,

ADV Case No. 10-5032

Plaintiff,

vs.

Dennis E. Hecker and
Christi M. Rowan,

Defendants.

---

## AFFIDAVIT ON THE MERITS AND AMOUNT DUE

---

STATE OF MINNESOTA ）
                    ） ss.
COUNTY OF RAMSEY ）

The Trustee, Randall L. Seaver ("**Trustee**"), being first duly sworn on oath, deposes and states as follows:

1.    I am the Plaintiff herein and the duly appointed Chapter 7 Trustee of the Bankruptcy Estate of Dennis E. Hecker.

2.    The Bankruptcy Estate's costs in this matter are:

| | | | |
|---|---|---|---|
| A. | Filing fee | - | $250.00 |
| B. | Certified Mail | - | 14.68 |
| C. | Statutory fee (28 U.S.C. §1923) | - | 20.00 |
| | | TOTAL - | $284.68 |

3.      This bankruptcy case was commenced on June 4, 2009 by the filing of a Chapter 7 petition and the undersigned was appointed to administer the Estate.

4.      At the time of filing, Defendant possessed an interest in life insurance policies. He scheduled certain policies in his Schedule B.  The Hecker list of the policies, from Hecker's schedules, is attached to the Amended Complaint as Exhibit A ("**Scheduled Policies**").

5.      As to the cash value of the Scheduled Policies, at item B9 of his Schedule B, Defendant declared, under penalty of perjury, the following:

"9. Interests in insurance policies.
Name insurance company of each
policy and itemize surrender or
refund value of each.

> See Exhibit B (9) attached hereto. Some
> policies held by trusts.  Records seized by
> debtor believes one policy has cash
> surrender value.
>                                        - $12,000.00"

6.      For the "one policy with cash surrender value" of $12,000.00, Hecker claimed an $8,400.00 exemption.

7.      On or about July 16, 2010, the Trustee learned that Defendant had deposited a $30,000.00 insurance check at 21st Century Bank and that the bank had, after opening the account, frozen the same and returned the funds to the Defendant.

8.      The Trustee subsequently learned that Defendant had obtained the $30,000 insurance check from Prudential Life Insurance Company.  A copy of the $30,000 check is attached to the Amended Complaint as Exhibit B.

9.      The Trustee further learned that Defendant had obtained the $30,000 check by converting property of the bankruptcy estate through a surrender of, or loan against, Prudential Policy 98 831 668.  A copy of a facsimile transmission sent on Defendant's behalf from the law

firm of Chestnut Cambronne to Prudential Life Insurance Company containing a "request for policy loan" for that policy is attached to the Amended Complaint as Exhibit C.

10.     An e-mail string evidencing that the $30,000.00 was property of the bankruptcy estate is attached to the Amended Complaint as Exhibit D.

11.     After Defendant opened an account at 21st Century Bank and deposited the $30,000 Prudential check (which he had converted), 21st Century Bank became concerned. A copy of an e-mail exchange relating to some concerns of 21st Century Bank is attached to the Amended Complaint as Exhibit E.

12.     Defendant had attempted to pay certain personal expenses with the 21st Century Bank account before it was frozen. Copies of checks Defendant drew in his attempts to effect payment are attached to the Amended Complaint as Exhibit F.

13.     On June 18, 2010, Defendant received a $30,000 cashier's check from 21st Century Bank representing the closure of the account. Defendant cashed the check and received $30,000 in cash on June 18, 2010. Copies of the cashier's check, bank records, and the currency bands are attached to the Amended Complaint as Exhibit G.

14.     The Trustee received information that Defendant was utilizing a check cashing service named "Your Exchange." On August 17, 2010, the Trustee filed a turnover motion seeking an order of this Court directing Your Exchange and Prudential to turnover records to the Trustee.

15.     On or about August 27, 2010, the Trustee received documents from Your Exchange, which indicated that the Defendant and Rowan have been using Your Exchange to cash checks. The documents (redacted) from Your Exchange are attached to the Amended Complaint as Exhibit H.

16.     Among the checks cashed by Defendant are four additional checks liquidating (or obtaining loans against) Prudential insurance policies which were property of the bankruptcy estate.  Those checks are as follows:

|     | Date | Amount | Contract | Check Number |
|-----|------|--------|----------|--------------|
| A.  | 6/18/10 | $28,689.42 | 77 920 928 | 1641552008 |
| B.  | 6/18/10 | $29,055.00 | 94 550 029 | 1740164944 |
| C.  | 6/18/10 | $36,750.00 | 94 602 336 | 1740164946 |
| D.  | 6/17/10 | $29,860.42 | 94 550 031 | 1740164894 |
| E.  |      |        |          |              |
|     | **TOTAL:** | **124,354.84** |          |              |

17.     Upon information and belief, Defendant converted the Prudential check proceeds to cash, Western Union money orders and a preloaded Mastercard.  Defendant thereafter provided Western Union money orders to Rowan.

18.     Defendant has converted assets of this bankruptcy estate.  Rowan has assisted Defendant in this endeavor.

19.     On February 10, 2010, Defendant was indicted by a federal grand jury on various charges.  Superseding indictments followed on March 9, 2010 (adding bankruptcy fraud) and July 13, 2010.

20.     Pursuant to an Order of the United States District Court dated on April 12, 2010, public defenders were appointed to represent Defendant based, presumably, on his statements regarding his financial condition.  A copy of the order is attached to the Amended Complaint as Exhibit I.

21.     Based solely on those checks Defendant negotiated at Your Exchange, it appears that Defendant had over $120,000.00 in his possession and control from June to August 2010.  Upon information and belief, all or substantially all of those funds were property of the bankruptcy estate and were converted by Defendant to his own use.

22.     Defendant's counsel, Barbara J. May, was confronted with the fact that Defendant had converted over $120,000.00 of estate property.  The email string attached to the Amended Complaint as Exhibit J evidences that Ms. May confirmed that the money was, in fact, property of the estate.

23.     On or about September 16, 2010, Attorney May provided an additional $15,000.00 to the Trustee.

24.     Defendant pled guilty to the felonies of bankruptcy fraud and wire fraud on September 7, 2010.

25.     Pursuant to the Trustee's request, Defendant provided an "accounting" of his use of the insurance proceeds.  A copy of that document is attached to the Amended Complaint as Exhibit K.  He has not accounted for over $20,000.00 in funds converted by him.

26.     The total of funds converted by Hecker was $154,354.84.  Hecker paid the Plaintiff $45,000.00.  Hecker is entitled to an $8,400.00 exemption.  Manny's returned $2,750.00 to the trustee.  The balance owed by the defendant is $98,204.84.

27.     Defendant Dennis E. Hecker has filed no answer, defense, or response of any kind to the Amended Complaint within the 30-day time period allowed by Rule of Bankruptcy Procedure 7012(a).

28.     The Summons and Complaint were duly served on Defendants by certified mail, return receipt requested, and by first-class mail on September 22, 2009.  The Amended Complaint was duly served on Defendants by certified mail, return receipt requested, and by first-class mail on October 25, 2010.

29.     I request that the Court enter a default judgment against Defendant Dennis E. Hecker for the following:

(a)     Permanently enjoining Defendant Dennis E. Hecker from using, disposing, transferring, encumbering, secreting or destroying any and all estate property, including estate property concealed by Hecker.

(b)     Permanently enjoining Defendant Dennis E. Hecker from using, removing, concealing, disposing of or encumbering or transferring any personal property including all property purchased with money from the cashing of the Prudential checks.

(c)     Awarding a money judgment against Dennis E. Hecker pursuant to Count V of the Amended Complaint, in the amount of $294,614.52 together with all statutory damages and interest.

(d)     For such other and further relief as the Court deems just and equitable.

**FURTHER YOUR AFFIANT SAYETH NOT.**

/e/ Randall L. Seaver
_____
Randall L. Seaver

430367

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In Re:                                              Case No.:  09-50779
                                                              Chapter 7
Dennis E. Hecker,

           Debtor.

---

Randall L. Seaver, Trustee,                         ADV Case No. 10-5032

           Plaintiff,

vs.

Dennis E. Hecker and
Christi M. Rowan,

           Defendants.

---

## UNSWORN CERTIFICATE OF SERVICE

---

I hereby certify that on November 12, 2010, I caused the following documents:

> ***Application for Default Judgment, Affidavit of Default, Identification, Military Status and Amount Due, Affidavit on the Merits and Amount Due, and Findings of Fact, Conclusions of Law and Order for Judgment (proposed)***

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice pursuant to Local Rule 9006-1(a).

I further certify that I caused a copy of the foregoing documents to be mailed by first-class mail, postage paid, to the following:

Dennis E. Hecker
1615 Northridge Drive
Medina, MN 55391

Mr. Dennis Hecker
c/o Sherburne County Jail
13880 Highway 10
13880 Business Center Drive
Elk River, MN 55330-4601

Christi M. Rowan
1615 Northridge Drive
Medina, MN 55391

Barbara J. May
2780 North Snelling
Suite 102
Roseville, MN 55113


                                              /e/  Stephanie Wood

Dated:  November 12, 2010          _____
                                              Stephanie Wood
                                              100 South Fifth Street, Suite 2500
                                              Minneapolis, MN  55402
                                              (612) 332-1030

430512

In Re:                                          Case No.:  09-50779
                                                          Chapter 7
Dennis E. Hecker,

        Debtor.

---

Randall L. Seaver, Trustee,                     ADV Case No. 10-5032

        Plaintiff,

vs.

Dennis E. Hecker and
Christi M. Rowan,

        Defendants.

---

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT

This matter came before the court on plaintiff's application for entry of default judgment against defendant Dennis E. Hecker.

Based upon the application and all of the files and records in this matter, the court makes the following:

## **FINDINGS OF FACT**

1.     The plaintiff is the trustee in the debtor's case.

2.     This bankruptcy case was commenced on June 4, 2009, by the filing of a voluntary Chapter 7 petition.

3.     The summons and complaint were duly served on defendants by certified mail, return receipt requested and the amended complaint was duly served on defendants by certified mail, return receipt requested, and/or by first class mail on October 25, 2010.

4. Defendant Dennis E. Hecker has failed to answer.

5. At the time of filing, defendant possessed an interest in life insurance policies. He scheduled certain policies in his Schedule B.

6. As to the cash value of the scheduled policies, at item B9 of his schedule B, defendant declared, under penalty of perjury, the following:

"9. Interests in insurance policies.
Name insurance company of each
policy and itemize surrender or
refund value of each.

          See Exhibit B (9) attached hereto. Some
          policies held by trusts. Records seized by
          debtor believes one policy has cash
          surrender value.

                    - $12,000.00"

7. For the "one policy with cash surrender value" of $12,000.00, Hecker claimed an $8,400.00 exemption.

8. On or about July 16, 2010, the trustee learned that defendant had deposited a $30,000.00 insurance check at 21st Century Bank and that the bank had, after opening the account, frozen the same and returned the funds to the defendant.

9. The trustee subsequently learned that defendant had obtained the $30,000 insurance check from Prudential Life Insurance Company.

10. The trustee further learned that defendant had obtained the $30,000 check by converting property of the bankruptcy estate through a surrender of, or loan against, Prudential Policy 98 831 668.

12.     After defendant opened an account at 21st Century Bank and deposited the $30,000 Prudential check (which he had converted), 21st Century Bank became concerned.

13.     Defendant had attempted to pay certain personal expenses with the 21st Century Bank account before it was frozen.

14.     On June 18, 2010, defendant received a $30,000 cashier's check from 21st Century Bank representing the closure of the account.  Defendant cashed the check and received $30,000 in cash on June 18, 2010.

15.     The Trustee received information that defendant was utilizing a check cashing service named "Your Exchange."  On August 17, 2010, the trustee filed a turnover motion seeking an order of this court directing Your Exchange and Prudential to turnover records to the trustee.

16.     On or about August 27, 2010, the trustee received documents from Your Exchange, which indicated that the defendant and Rowan have been using Your Exchange to cash checks.

17.     Among the checks cashed by defendant are four additional checks liquidating (or obtaining loans against) Prudential insurance policies which were property of the bankruptcy estate. Those checks are as follows:

|     | **Date** | **Amount** | **Contract** | **Check Number** |
|-----|----------|-----------|--------------|------------------|
| A.  | 6/18/10  | $28,689.42 | 77 920 928 | 1641552008 |
| B.  | 6/18/10  | $29,055.00 | 94 550 029 | 1740164944 |
| C.  | 6/18/10  | $36,750.00 | 94 602 336 | 1740164946 |
| D.  | 6/17/10  | $29,860.42 | 94 550 031 | 1740164894 |

**TOTAL:     124,354.84**

18.     Upon information and belief, defendant converted the Prudential check proceeds to cash, Western Union money orders and a preloaded Mastercard.  Defendant thereafter provided Western Union money orders to Rowan.

19. Defendant has converted assets of this bankruptcy estate. Rowan has assisted defendant in this endeavor.

20. On February 10, 2010, defendant was indicted by a federal grand jury on various charges. Superseding indictments followed on March 9, 2010 (adding bankruptcy fraud) and July 13, 2010.

21. Pursuant to an order of the United States District Court dated on April 12, 2010, public defenders were appointed to represent defendant based, presumably, on his statements regarding his financial condition.

22. Based solely on those checks defendant negotiated at Your Exchange, it appears that defendant had over $120,000.00 in his possession and control from June to August 2010. Upon information and belief, all or substantially all of those funds were property of the bankruptcy estate and were converted by defendant to his own use.

23. Defendant's counsel, Barbara J. May, was confronted with the fact that defendant had converted over $120,000.00 of estate property.

24. On or about September 16, 2010, attorney May provided an additional $15,000.00 to the trustee.

25. Defendant pled guilty to the felonies of bankruptcy fraud and wire fraud on September 7, 2010.

26. The total of funds converted by Hecker was $154,354.84. Hecker paid the Plaintiff $45,000.00. Hecker is entitled to an $8,400.00 exemption. Manny's returned $2,750.00 to the trustee. The balance owed by the defendant is $98,204.84.

27.     Pursuant to the trustee's request, defendant provided an "accounting" of his use of the insurance proceeds.

28.     On or about October 6, 2010, without opposition, the court granted the trustee a temporary injunction in this matter.

29.     The court finds that the proceeds of Prudential Insurance checks less the Debtor's exemption and monies repaid by Mannys which have not been turned over to the trustee (approximately $98,204.84) is property of the bankruptcy estate and that defendants are wrongfully exercising dominion and control over the same.  It is also likely that defendants possess and control, or have already disposed of, additional property of the estate.

## CONCLUSIONS OF LAW

1.     This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334.  This case arises under 11 U.S.C. §§541, 544, 548, 550 and 551 and under Minn. Stat. §§513.44 and 513.45.

2.     Defendants Dennis E. Hecker is in default pursuant to Bankruptcy Rule 7055 and Rule 55 of the Federal Rules of Civil Procedure.

3.     Plaintiff is entitled to entry of judgment on all counts of his complaint.

## ORDER FOR JUDGMENT

1.     Defendant Dennis E. Hecker is permanently enjoined from using, disposing, transferring, encumbering, secreting or destroying any and all estate property, including estate property concealed by Hecker.

2.      Defendant Dennis E. Hecker is permanently enjoyed from using, removing, concealing, disposing of or encumbering or transferring any personal property including all property purchased with money from the cashing of the Prudential checks.

3.      The trustee is awarded a money judgment against Dennis E. Hecker including treble damages pursuant to count V of the amended complaint and Minn. Stat. §548.05 in the amount of $294,614.52 together with all statutory damages and interest.

4.      The trustee is further awarded $284.68 for costs and disbursements.

5.      For such other and further relief as the Court deems just and equitable.

LET JUDGMENT BE ENTERED ACCORDINGLY.

_____

_____

430368

6