**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

_____

In re:  BKY No.: 09-50779

Dennis E. Hecker,  Chapter 7

        Debtor.
_____

Adv. Case No.: 10-5004

Randall L. Seaver, Trustee,

        Plaintiff,

vs.

Christi M. Rowan,

        Defendant.
_____

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

_____

In re:  BKY No.: 09-50779

Dennis E. Hecker,  Chapter 7

        Debtor.
_____

Adv. Case No.: 10-5032

Randall L. Seaver, Trustee,

        Plaintiff,

vs.

Dennis E. Hecker and Christi M. Rowan,

        Defendants.

**NOTICE OF HEARING AND EXPEDITED MOTION
FOR DISCOVERY AND OTHER RELIEF**

TO:     Parties specified in Local Rule 9013-3.

1. Randall L. Seaver, the Chapter 7 Trustee ("**Trustee**"), by and through his undersigned counsel, moves the Court for the relief requested below and gives notice of hearing.

2. The Court will hold a hearing on this Motion at 9:00 a.m. on December 10, 2010, in Courtroom No. 8 West, U.S. Bankruptcy Court, 300 South Fourth Street, Minneapolis, Minnesota 55415, or as soon thereafter as counsel can be heard.

3. As this Motion is brought on an expedited basis, any response to this Motion must be filed and served by delivery as soon as possible and suggestion is made that a response should be filed at least twenty-four (24) hours prior to the hearing. UNLESS A RESPONSE IS TIMELY SERVED AND FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. This Court has jurisdiction over this Motion under 28 U.S.C. §§157 and 1334, Federal Rule of Bankruptcy Procedure 5005 and Local Rule 1070-1. This Motion is filed under Local Rule 9013-2. The petition commencing this Chapter 7 case was filed on June 4, 2009. The case is now pending in this Court.

5. This motion arises under 11 U.S.C. §105(a), Rule 7069 of the Federal Rules of Bankruptcy Procedure and Minnesota law. Movant requests relief to immediately inspect each 1615 Northridge Drive, Medina, MN ("**Northridge**") and any other property owned or controlled by either Christi Rowan ("**Rowan**") or Debtor Dennis E. Hecker ("**Debtor**").

6. The Trustee obtained a judgment against Debtor in Adv. No. 10-5032 on November 12, 2010 in the amount of $294,899.20. That judgment remains entirely unsatisfied.

7. The Trustee obtained a judgment against Rowan in Adv. No. 10-5004 on February 23, 2010 in the amount of $425,000.00. That judgment remains entirely unsatisfied.

8. Each the Debtor and Rowan have been engaged in a pattern of conduct designed to convert assets of the bankruptcy estate and manage "their assets" so as to avoid being subject to the claims of creditors.

9. The Trustee believes that Hecker and Rowan possess assets at Northridge (including a piano, televisions and various other items) which are not exempt and which are subject to recovery by the Trustee either as property of the estate or by way of enforcement of the judgments. Further, upon information and belief, Debtor and Rowan have access to, and in fact use, a storage facility in the Twin Cities metropolitan area. The Trustee desires to inspect any such facility, as well as any other property owned or controlled, in whole or in part, by the Debtor or Rowan.

10. A review of records produced by Rowan in conjunction with her accounting to the Court indicates that she should be in possession of assets which are the proceeds of property of the estate.

11. Without a surprise, immediate, inspection, Rowan would certainly secrete assets which are not presently hidden. Hecker may have others, aside from Rowan, who would help him, too, despite his current incarceration.

12. Further, the Trustee desires that this Court authorize entry into Northridge and any Hecker or Rowan storage facility by the U.S. Marshall pursuant to Minn. Stat. §§550.12 and 550.13 and to allow the U.S. Marshall to take into possession items of personal property to be applied towards satisfaction of the judgments the Trustee holds against Rowan and Hecker.

13. If required, the Trustee gives notice that he may testify at the hearing of this matter.

**WHEREFORE**, the Trustee requests that this Court enter an order:

1. Granting the Trustee his request for expedited relief;

2. Directing that Debtor and Rowan immediately allow the Trustee access to Northridge, any storage unit used by either Hecker or Rowan and any other real property owned or controlled by Hecker or Rowan;

3. Directing Rowan and Hecker to immediately disclose and facilitate the Trustee's inspection and any and all locations where they own or control assets;

4. Directing Rowan and Hecker to not in any way interfere with the Trustee's review of any inspected property;

5. Authorizing the U.S. Marshall to enter into Hecker's and Rowan's properties to execute on the judgments.

6. For such other relief the Court deems just and proper under the circumstances.

**LEONARD, O'BRIEN,
SPENCER, GALE & SAYRE LTD.**

Dated: December 9, 2010

By: /e/ Matthew R. Burton
_____
Matthew R. Burton, #210018
Attorneys for Trustee
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
(612) 332-1030

## VERIFICATION

  I, Randall L. Seaver, Trustee for the Bankruptcy Estate of Dennis E. Hecker, named in the foregoing Notice of Hearing and Motion for Contempt of Court, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

                         /e/ Randall L. Seaver

Dated:  December 9, 2010        _____
                          Randall L. Seaver

431459

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA**

_____

In re:                                                                                          BKY No.:  09-50779

Dennis E. Hecker,                                                                  Chapter 7

        Debtor.

_____
                                                                                  Adv. Case No.:  10-5004

Randall L. Seaver, Trustee,

        Plaintiff,

vs.

Christi M. Rowan,

        Defendant.

_____

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA**

_____

In re:                                                                                          BKY No.:  09-50779

Dennis E. Hecker,                                                                  Chapter 7

        Debtor.

_____
                                                                                   Adv. Case No.:  10-5032

Randall L. Seaver, Trustee,

        Plaintiff,

vs.

Dennis E. Hecker and Christi M. Rowan,

        Defendants.

**MEMORANDUM IN SUPPORT OF MOTION
FOR DISCOVERY AND OTHER RELIEF**

## INTRODUCTION

The facts relevant to this motion are contained in the verified Notice of Hearing and Motion served and filed herewith. In short, the Plaintiff in each of the above-captioned matters, Randall L. Seaver ("**Trustee**"), desires to inspect real property owned or controlled by Dennis E. Hecker ("**Debtor**") and Christi M. Rowan ("**Rowan**"). He also seeks authorization for the U.S. Marshall to enter Northridge and any storage areas to levy upon personal property pursuant to Minn. Stat. §§550.12 and 550.13.

Since the inception of this case, Debtor and Rowan have engaged in a hardly-believable pattern of conduct designed at maintaining their life of excess at the expense of their creditors. The Court, through its own involvement in this case, and through media reporting, is aware of the abuses of Debtor and Rowan. The pair has stolen and wasted more money since the commencement of this case than could be comprehended by the average Minnesotan. Rowan, who had little when she moved into Northridge during Debtor's precipitous decline, has lived a life of luxury, jetting around the country, sending her children to private schools, lavishly spending, all the while maintaining a penchant for luxury automobiles which rotate through her driveway. She has done this while, essentially, squatting in Debtor's foreclosed Medina mansion.

Nothing uttered by Hecker or Rowan is believed by the Trustee without independent verification. This motion is an effort to access and inventory assets as part of that verification effort and to partially satisfy the Trustee's judgment of over $700,000.00 against Rowan and Hecker. Had Hecker and Rowan been given standard notice, then the motion would be pointless.

Hecker and Rowan have made a mockery of the judicial system. They act as if they are not subject to the rules and laws that are, in fact, applicable to all. As a result of their actions, both have pleaded guilty to bankruptcy fraud, committed during the course of the Hecker bankruptcy case.

The only way that the Trustee will collect any of the over $700,000.00 owed to the estate by Rowan and Hecker is through the exercise of this Court's powers.[1]

Rowan remains an occupant of Northridge. Hecker is not (having been entered and incarcerated). Rowan and Hecker have spent hundreds of thousands of dollars, in the months prior to June 4, 2009, and the months thereafter. At least some of those monies were used to purchase assets which, presumably, are located at Northridge. Most of those assets would be available to partially satisfy the Trustee's judgments against Rowan and Hecker. Yet Rowan represents, under oath, that she has, essentially, nothing.

The Trustee knows that there is at least $15,000.00 worth of furniture, and a piano, located at Northridge. He knows they are there, because the assets were earlier sold to Hecker for $15,000.00.

In addition to discovery purposes, the Trustee needs access to Northridge in order for the U.S. Marshal to levy on personal property. Personal property of a judgment debtor capable of manual delivery must be levied upon by an officer seizing the debtor's property under a writ of execution. *Horgan v. Lyons*, 59 Minn. 217, 60 N.W. 1099 (1894); Minn. Stat. §550.12.

When personal property, because of its bulk or other reasons, cannot immediately be removed, the levy is perfected by the officer filing, under the Uniform Commercial Code, in the appropriate office, a certified copy of the execution and return and levy. Minn. Stat. §550.13.

Accordingly, in order to levy upon Rowan and Hecker's personal property, capable of manual delivery, that property must be taken into custody by the officer. In addition to this statutory requirement therefore, it is imperative that such property personal be taken into possession of the

---

[1] The Trustee has a judgment against Hecker in ADV No. 10-5032, for $294,899.20 and a judgment against Rowan in ADV No. 10-5004, for $425,000.

3

U.S. Marshal because, if it is not, Rowan, or agents of Hecker and Rowan, will simply conceal the property.

If the Trustee is unable to get immediate access to levy upon personal property at Northridge, the opportunity will be lost. Hecker and Rowan are dishonest people and will do anything to advance their own self interests. The Trustee is prepared to immediately access Northridge with the assistance of the U.S. Marshal.

Rowan will never voluntarily turn over assets to the Trustee to be applied to the $425,000.00 judgment held by the Trustee. The judgment against Rowan was entered on February 23, 2010. Since that time, Rowan has not paid a single dollar towards satisfaction of the judgment.[2] During this time, Rowan, has continued to live her lavish lifestyle, despite not paying a single dollar toward the judgment.[3]

## **ARGUMENT**

The Trustee is entitled to inspect the subject properties pursuant to his judgments and Bankruptcy Rule 7069 which makes Rule 69 of the Federal Rules of Civil Procedure applicable to these proceedings. Rule 69, in pertinent part, provides:

> In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located.

Rule 69, Fed. R. Civ. P.

---

[2] Rowan did turn over a coat, ring and watch as required by the judgment.

[3] For example, from just June 21-25, 2010, making use of Prudential monies stolen from the estate, Rowan spent over $873.00 at "Jon Charles Salon" and over $654.00 at the "Sunglass Hut." See, Rowan statement in response to motion for contempt.

4

Each the Federal and Minnesota rules of discovery allow for inspection of property. See, Bankruptcy Rule 7034 (F. R. Civ. P. 34) (permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it) and Minn. R. Civ. P. 34.01 (permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon). This motion is deemed the request and a request to the Court for an Order granting immediate relief.

If Debtor and Rowan were served with a request, and time could be arranged for an inspection, it is a virtual certainty that the status of the property would be different than if notice had not been given. Any person following the Hecker matters, either regularly or casually, is aware of their relentless game of "dodge ball" (as noted by the Court on December 1, 2010). To give notice would render moot the request.

The Trustee believes that assets are located at 1615 Northridge Drive, Medina, MN 55391. He also believes that assets are in a storage facility maintained by either the Debtor or Rowan. Rowan should be required to disclose that location (or locations). Further, if either Hecker or Rowan stores assets elsewhere, those venues should be made available to the Trustee. (Rowan appears to maintain an ownership interest in her former home with her former husband with whom she maintains a good relationship). The Trustee further requests that the Court mandate cooperation in every way (i.e., disclosure and access) and that the Trustee's access be unfettered once in the subject properties.

5

Minn. Stat. §575.05 provides in relevant part that, "The judge may order any of the judgment debtor's property in the hands of the judgment debtor or of any other person, or due to the judgment debtor, not exempt from execution, to be applied toward the satisfaction of the judgment." The statute (§575.05) is designed to enable the judgment creditor to reach all non-exempt property or equitable interests of its debtor. *Ginsberg v. Davis*, 191 Minn. 12, 15, 252 N.W. 669 (1934). The statute empowers the Court to order the application of the judgment debtor's property, of whatever nature, to the satisfaction of the judgment, "and to make any other orders proper and necessary to enforce such application." *Towne v. Campbell*, 35 Minn. 231, 232, 28 N.W. 254 (1886). The remedy provided by the statute is in the nature of an equitable execution. *Wilkins v. Corey*, 172 Minn. 102, 214 N.W. 776 (1927).

In addition to the Bankruptcy Rules, this request is supported by 11 U.S.C. Sec. 105. That statute provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. §105(a). Section 105(a) may be invoked if the equitable remedy used is necessary to preserve a right provided for in the bankruptcy code. *In re Gjestvang,* 405 B.R. 316, 321 (Bankr. E.D. Ark. 2009). The Bankruptcy Code charges the Trustee with the obligation to reduce to money property of the estate. 11 U.S.C. §704(a)(1).

The discovery rules, in conjunction with the Bankruptcy Code, Minnesota Statutes and the conduct of the Debtor and Rowan make the relief sought by the Trustee appropriate and necessary. Further, as time passes, the ability of the Debtor and Rowan to engage in more shenanigans with

6

assets increases. Rowan has extra incentive as she has been ordered by state court to vacate Northridge by February 1, 2011. Accordingly, expedited relief is necessary.

## **CONCLUSION**

In furtherance of the interests of the bankruptcy estate, the Trustee requests that the Court grant the relief requested by the Trustee.

**LEONARD, O'BRIEN,**
**SPENCER, GALE & SAYRE LTD.**

Dated: December 9, 2010

/e/ Matthew R. Burton
By: _____
Matthew R. Burton, #210018
Attorneys for Trustee
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
(612) 332-1030

431516

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:                                              BKY No.: 09-50779

Dennis E. Hecker,                                   Chapter 7

        Debtor.

                                               Adv. Case No.: 10-5004

Randall L. Seaver, Trustee,

        Plaintiff,

vs.

Christi M. Rowan,

        Defendant.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:                                              BKY No.: 09-50779

Dennis E. Hecker,                                   Chapter 7

        Debtor.

                                               Adv. Case No.: 10-5032

Randall L. Seaver, Trustee,

        Plaintiff,

vs.

Dennis E. Hecker and Christi M. Rowan,

        Defendants.

**ORDER**

This case is before the court on the motion of Randall L. Seaver, trustee seeking discovery and immediate access to real property owned or controlled by Dennis E. Hecker or Christi M. Rowan.

Based on the motion and the file,

**IT IS ORDERED**:

1. The trustee's request for expedited relief is granted.

2. The debtor and Christi Rowan must immediately allow the trustee, his agents and the U.S. Marshall access to 1615 Northridge Drive, Medina, MN, any storage unit used by either the debtor or Christi Rowan and any other real property owned or controlled by the debtor or Christi Rowan or in which they store assets.

3. The debtor and Christi Rowan are directed to:

    (a) Immediately disclose to the trustee and his agents any and all locations where the debtor and Christi Rowan own or control assets; and,

    (b) To facilitate the trustee's unfettered access thereto.

4. The debtor and Christi Rowan are ordered to not interfere, in any way, with the trustee's review of any inspected property (or that of his agents) and to not interfere with the U.S. Marshall's levy on personal property pursuant to writs of execution.

5. The debtor and Christi Rowan are ordered not to transfer or otherwise dispose of any of their assets pending further order of this court.

6. For such other relief the court deems just and proper under the circumstances.

Dated: _____

_____
United States Bankruptcy Court Judge

431533