UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
_____

| | |
|---|---|
| In Re: | Case No.: 09-50779 |
| | Chapter 7 |
| Dennis E. Hecker, | |
| Debtor. | |

_____

| | |
|---|---|
| Randall L. Seaver, Trustee, | ADV Case No. 10-5032 |
| Plaintiff, | |
| vs. | |
| Dennis E. Hecker and Christi M. Rowan, | |
| Defendants. | |

_____

**TRUSTEE'S REPLY**
_____

**INTRODUCTION**

Rowan's continued failure to obey an order of this Court is an affront to the integrity of this Court. The Trustee should not have had to request an order of this Court directing Dennis E. Hecker ("**Hecker**") and Christi M. Rowan ("**Rowan**") to stop stealing bankruptcy estate property. However, the Trustee was placed in that position by Hecker and Rowan and did obtain such an order.

Undeterred by the order, Rowan kept on stealing bankruptcy estate property (as well as assets of the U.S. government). In December, the Trustee attempted to have Rowan held in contempt. She evaded sanctions at that time and stole $300.00 in estate funds the very same day. Court appearances have simply been a mere inconvenience to Rowan. It is extraordinary that the

Trustee had to commence this action and obtain a temporary injunction. It is even more extraordinary in the bankruptcy arena to be faced with such brazen contempt for bankruptcy case administration, court orders and, simply, lawful conduct. Rowan elected to risk her freedom and her ability to parent her children in order to obtain such things as expensive salon visits. Her willingness to take such ill-advised risks necessitates orders which mandate her attention.

Further, Rowan's statement that she "has been denied effective representation" because of her incarceration at the Sherburne County Jail is meritless. Other criminals, including Denny Hecker and Tom Petters have been held at Sherburne County Jail and have been able to meet with their attorney, as necessary, while being detained.

Access to counsel is not Rowan's problem. Her real problem is that she intentionally violated an order of this Court and she has no excuse for her actions.

## ARGUMENT

Even if Rowan is free to assert the Fifth Amendment privilege, the Court is equally free to draw adverse inferences from her failure to bring forward evidence in her defense. *In re Brown*, 427 B.R. 715, 722 (D. Minn. 2010), citing, *SEC v. Brown*, 579 F.Supp.2d 1228, 1234 (D. Minn. 2008) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976)). As bankruptcy adversary proceedings are civil proceedings, an adverse inference may be drawn against a party when they refuse to testify in response to probative evidence offered against them. *In re McGohan*, 75 B.R. 10, 12 (Bankr. N.D.N.Y. 1986).

The bottom line to this matter is that the Trustee has the evidence to prove what he has known for a good portion of this case – Rowan has an insatiable appetite for finery and will take whatever actions required, legal or illegal, to achieve her goals. This time, her actions crossed the lines established by this Court's order resulting in contempt. Rowan offers no defense or

explanation. She cannot because she committed the alleged conduct. Her only options now are (a) make the estate whole (without stealing to do so), (b) fabricate a new story and commit perjury or, (c) take no position and get whatever punishment this Court orders for her. She has apparently selected option (c).

## **CONCLUSION**

Rowan has committed contempt of this Court's order in an insolent manner. She should not escape sanction simply because she is being sentenced to imprisonment for crimes previously committed by her. Her prior criminal conduct does not buy her a "free pass" to ignore this Court's order.

At the time this Reply is being submitted, Rowan's sentence is unknown but is anticipated to be approximately a one year sentence. It is possible that she will be released from custody before her sentence is commenced. (Or, "recommenced" as she is already incarcerated in the Sherburne County Jail.) It may also be that she is released at some time before her full sentence is served. The Trustee believes that Rowan should be required to make the estate whole or face additional incarceration until that occurs. In other words, when her criminal sentence is served, or she is otherwise released, this Court should require Rowan additional detention until she purges herself of contempt.

During this case, Hecker and Rowan have spent more money that most could dream to spend. To a large extent, they have done this by stealing from the estate and by way of gifts from friends. Now that Hecker and Rowan are married, it is likely that they will be able to call on their loyal friends to keep the new Mrs. Hecker from serving additional jail time. The Trustee believes that only a harsh dictate by this Court, akin to the "Draconian" judgment entered in the Chrysler matter against Hecker, will obtain Rowan's attention. The Trustee requests that the

Court fashion an order which does not allow Rowan to evade making the estate whole, and which brings consequences to Rowan as a result of her knowing and intentional disregard of this Court's order. Such an order is necessary so that Rowan and others of her ilk understand that there are consequences for knowing disobeyance of orders of this Court.

**LEONARD, O'BRIEN**
**SPENCER, GALE & SAYRE, LTD.**

Dated: March 15, 2011

By /e/ Matthew R. Burton
_____
Matthew R. Burton, #210018
Attorneys for Randall L. Seaver, Trustee
100 South Fifth Street, Suite 2500
Minneapolis, Minnesota 55402-1234
(612) 332-1030

435780

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re: Case No.: 09-50779
Chapter 7
Dennis E. Hecker,

    Debtor.

---

Randall L. Seaver, Trustee,             ADV Case No. 10-5032

    Plaintiff,

vs.

Dennis E. Hecker and
Christi M. Rowan,

    Defendants.

## UNSWORN CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2011, I caused the following documents:

    ***Trustee's Reply***

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice pursuant to Local Rule 9006-1(a).


                                              /e/ Stephanie Wood

Dated: March 15, 2011                     _____

                                         Stephanie Wood
                                         100 South Fifth Street, Suite 2500
                                         Minneapolis, MN 55402
                                         (612) 332-1030

435959