UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| In Re: | Case No.: 09-50779 |
| | Chapter 7 |
| Dennis E. Hecker, | |
| Debtor. | |

---

| | |
|---|---|
| Randall L. Seaver, Trustee, | ADV Case No. 10-5032 |
| Plaintiff, | |
| vs. | |
| Dennis E. Hecker and<br>Christi M. Rowan, | |
| Defendants. | |

---

### APPLICATION FOR DEFAULT JUDGMENT

---

TO: DEFENDANT CHRISTI M. ROWAN.

1. PLEASE TAKE NOTICE that Randall L. Seaver, Trustee and Plaintiff herein, applies to the Court for the entry of a default judgment against Defendant Christi M. Rowan ("**Rowan**").

2. The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§157 and 1334, Bankruptcy 5005 and Local Rule of Bankruptcy Procedure 1070-1. This is a core proceeding. The petition commencing this Chapter 7 case was filed on June 4, 2009. This case is now pending in this Court.

3. This is an application for default judgment under Bankruptcy Rule 7055 and Local Rule of Bankruptcy Procedure 7055-1.

4.  At the time of filing, Defendant Dennis E. Hecker ("**Debtor or Hecker**") possessed an interest in life insurance policies. He scheduled certain policies in his Schedule B. The Hecker list of the policies, from Hecker's schedules, is attached to the Amended Complaint as Exhibit A ("**Scheduled Policies**").

5.  As to the cash value of the Scheduled Policies, at item B9 of his Schedule B, Defendant declared, under penalty of perjury, the following:

> "9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each.
>
> See Exhibit B (9) attached hereto. Some policies held by trusts. Records seized by debtor believes one policy has cash surrender value.
>                                                                   - $12,000.00"

6.  For the "one policy with cash surrender value" of $12,000.00, Hecker claimed an $8,400.00 exemption.

7.  On or about July 16, 2010, the Trustee learned that Hecker had deposited a $30,000.00 insurance check at 21st Century Bank and that the bank had, after opening the account, frozen the same and returned the funds to Hecker.

8.  The Trustee subsequently learned that Hecker had obtained the $30,000 insurance check from Prudential Life Insurance Company. A copy of the $30,000 check is attached to the Amended Complaint as Exhibit B.

9.  The Trustee further learned that Hecker had obtained the $30,000 check by converting property of the bankruptcy estate through a surrender of, or loan against, Prudential Policy 98 831 668. A copy of a facsimile transmission sent on Hecker's behalf from the law firm of

Chestnut Cambronne to Prudential Life Insurance Company containing a "request for policy loan" for that policy is attached to the Amended Complaint as Exhibit C.

10. An e-mail string evidencing that the $30,000.00 was property of the bankruptcy estate is attached to the Amended Complaint as Exhibit D.

11. After Hecker opened an account at 21st Century Bank and deposited the $30,000 Prudential check (which he had converted), 21st Century Bank became concerned. A copy of an e-mail exchange relating to some concerns of 21st Century Bank is attached to the Amended Complaint as Exhibit E.

12. Hecker had attempted to pay certain personal expenses with the 21st Century Bank account before it was frozen. Copies of checks Hecker drew in his attempts to effect payment are attached to the Amended Complaint as Exhibit F.

13. On June 18, 2010, Hecker received a $30,000 cashier's check from 21st Century Bank representing the closure of the account. Hecker cashed the check and received $30,000 in cash on June 18, 2010. Copies of the cashier's check, bank records, and the currency bands are attached to the Amended Complaint as Exhibit G.

14. The Trustee received information that Hecker was utilizing a check cashing service named "Your Exchange." On August 17, 2010, the Trustee filed a turnover motion seeking an order of this Court directing Your Exchange and Prudential to turnover records to the Trustee.

15. On or about August 27, 2010, the Trustee received documents from Your Exchange, which indicated that the Hecker and Rowan had been using Your Exchange to cash checks. The documents (redacted) from Your Exchange are attached to the Amended Complaint as Exhibit H.

16. Among the checks cashed by Hecker are four additional checks liquidating (or obtaining loans against) Prudential insurance policies which were property of the bankruptcy estate. Those checks are as follows:

|    | **Date** | **Amount** | **Contract** | **Check Number** |
|----|----------|------------|--------------|------------------|
| A. | 6/18/10  | $28,689.42 | 77 920 928   | 1641552008       |
| B. | 6/18/10  | $29,055.00 | 94 550 029   | 1740164944       |
| C. | 6/18/10  | $36,750.00 | 94 602 336   | 1740164946       |
| D. | 6/17/10  | $29,860.42 | 94 550 031   | 1740164894       |

**TOTAL:** **124,354.84**

17. Upon information and belief, Hecker and Rowan converted the Prudential check proceeds to cash, Western Union money orders and preloaded Mastercards. Hecker thereafter provided Western Union money orders to Rowan who spent the funds.

18. Rowan has assisted Hecker in converting assets of the bankruptcy estate both as detailed herein and otherwise.

19. Rowan was charged by felony information on various charges by the U.S. Government on April 8, 2010. Among the charge asserted against Rowan was bankruptcy fraud.

20. On March 15, 2011, Rowan was sentenced to 14 months in federal prison for, among other charges, bankruptcy fraud.

21. Rowan appeared at a contempt hearing in this matter on December 10, 2010 and defended a second contempt motion on March 16, 2011. However, she has not otherwise defended or otherwise appeared in this matter.

22. The Trustee seeks a permanent injunction extending the Court's ruling which granted the Trustee a preliminary injunction.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of the Plaintiff, and against Defendant Christi M. Rowan, on the grounds that she has failed to answer the Summons and Amended Complaint served upon her in this case, and for such other relief as is just and equitable.

**LEONARD, O'BRIEN**
**SPENCER, GALE & SAYRE, LTD.**

Dated: April 13, 2011         By   /e/ Matthew R. Burton
                                   Matthew R. Burton, #210018
                                   Attorneys for Plaintiff
                                   100 South Fifth Street, Suite 2500
                                   Minneapolis, MN 55402
                                   Phone: (612) 332-1030

## **VERIFICATION**

      The undersigned, Randall L. Seaver, Trustee and Plaintiff, under penalty of perjury, hereby states that he has read the foregoing Application for Default Judgment and states that the information contained herein is true and correct to the best of his information and belief.

/e/ Randall L. Seaver

Dated:  April 13, 2011                                _____
                                                                   Randall L. Seaver

436319

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| In Re: | Case No.: 09-50779 |
| | Chapter 7 |
| Dennis E. Hecker, | |
|     Debtor. | |

---

| | |
|---|---|
| Randall L. Seaver, Trustee, | ADV Case No. 10-5032 |
|     Plaintiff, | |
| vs. | |
| Dennis E. Hecker and<br>Christi M. Rowan, | |
|     Defendants. | |

---

### AFFIDAVIT OF DEFAULT, IDENTIFICATION, MILITARY STATUS AND AMOUNT DUE

---

STATE OF MINNESOTA  )
                              ) ss.
COUNTY OF HENNEPIN  )

    Matthew R. Burton, being duly sworn on oath, deposes and says:

    1.    I am one of the attorneys for the Plaintiff in the above-captioned matter, and am authorized to provide legal services to the Plaintiff in this bankruptcy case.

    2.    No response, Answer, or communication of any kind has been received from Defendant Christi M. Rowan ("**Defendant**"), or from any person or entity purporting to act on behalf of such Defendant in this Adversary Proceeding, except Defendant did respond to the Trustee's Motions for Contempt.

3. This adversary case was commenced on September 22, 2010 and the Amended Complaint was filed on October 25, 2010.

4. The Summons and Complaint were duly served on Defendant by certified mail, return receipt requested, and by first class mail on September 22, 2010. The Summons and Amended Complaint were duly served on Defendants by certified mail, return receipt requested, and/or by first class mail on October 25, 2010.

5. Defendant is not in the military service of the United States, on information and belief, and is not an infant or incompetent person, and said Defendant's last known address is:

Christi M. Rowan
c/o Sherburne County Jail
13880 Highway 10
13880 Business Center Drive
Elk River, MN 55330-4601

6. Affiant states that he has read the Amended Complaint filed in this action and knows the contents thereof, and that the same is true of his own knowledge and belief, based upon reliable hearsay.

**FURTHER YOUR AFFIANT SAYETH NOT.**

Dated: April 13, 2011

/e/ Matthew R. Burton
_____
Matthew R. Burton

436372

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
_____

In Re:                                                                                                                                               Case No.: 09-50779
                                                                                                                                                                                   Chapter 7

Dennis E. Hecker,

       Debtor.
_____

Randall L. Seaver, Trustee,                                                                                  ADV Case No. 10-5032

       Plaintiff,

vs.

Dennis E. Hecker and
Christi M. Rowan,

       Defendants.
_____

**AFFIDAVIT ON THE MERITS AND AMOUNT DUE**
_____

STATE OF MINNESOTA    )
                                        ) ss.
COUNTY OF RAMSEY     )

       The Trustee, Randall L. Seaver ("**Trustee**"), being first duly sworn on oath, deposes and states as follows:

       1.    I am the Plaintiff herein and the duly appointed Chapter 7 Trustee of the Bankruptcy Estate of Dennis E. Hecker.

       2.    This bankruptcy case was commenced on June 4, 2009 by the filing of a Chapter 7 petition and the undersigned was appointed to administer the Estate.

       3.    At the time of filing, Defendant Dennis E. Hecker ("**Debtor or Hecker**") possessed an interest in life insurance policies.  He scheduled certain policies in his Schedule B.

The Hecker list of the policies, from Hecker's schedules, is attached to the Amended Complaint as Exhibit A ("**Scheduled Policies**").

4. As to the cash value of the Scheduled Policies, at item B9 of his Schedule B, Defendant declared, under penalty of perjury, the following:

"9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each.

See Exhibit B (9) attached hereto. Some policies held by trusts. Records seized by debtor believes one policy has cash surrender value.
- $12,000.00"

5. For the "one policy with cash surrender value" of $12,000.00, Hecker claimed an $8,400.00 exemption.

6. On or about July 16, 2010, the Trustee learned that Hecker had deposited a $30,000.00 insurance check at 21st Century Bank and that the bank had, after opening the account, frozen the same and returned the funds to Hecker.

7. The Trustee subsequently learned that Hecker had obtained the $30,000 insurance check from Prudential Life Insurance Company. A copy of the $30,000 check is attached to the Amended Complaint as Exhibit B.

8. The Trustee further learned that Hecker had obtained the $30,000 check by converting property of the bankruptcy estate through a surrender of, or loan against, Prudential Policy 98 831 668. A copy of a facsimile transmission sent on Hecker's behalf from the law firm of Chestnut Cambronne to Prudential Life Insurance Company containing a "request for policy loan" for that policy is attached to the Amended Complaint as Exhibit C.

9. An e-mail string evidencing that the $30,000.00 was property of the bankruptcy estate is attached to the Amended Complaint as Exhibit D.

10. After Hecker opened an account at 21st Century Bank and deposited the $30,000 Prudential check (which he had converted), 21st Century Bank became concerned. A copy of an e-mail exchange relating to some concerns of 21st Century Bank is attached to the Amended Complaint as Exhibit E.

11. Hecker had attempted to pay certain personal expenses with the 21st Century Bank account before it was frozen. Copies of checks Hecker drew in his attempts to effect payment are attached to the Amended Complaint as Exhibit F.

12. On June 18, 2010, Hecker received a $30,000 cashier's check from 21st Century Bank representing the closure of the account. Hecker cashed the check and received $30,000 in cash on June 18, 2010. Copies of the cashier's check, bank records, and the currency bands are attached to the Amended Complaint as Exhibit G.

13. The Trustee received information that Hecker was utilizing a check cashing service named "Your Exchange." On August 17, 2010, the Trustee filed a turnover motion seeking an order of this Court directing Your Exchange and Prudential to turnover records to the Trustee.

14. On or about August 27, 2010, the Trustee received documents from Your Exchange, which indicated that the Hecker and Rowan had been using Your Exchange to cash checks. The documents (redacted) from Your Exchange are attached to the Amended Complaint as Exhibit H.

15. Among the checks cashed by Hecker are four additional checks liquidating (or obtaining loans against) Prudential insurance policies which were property of the bankruptcy estate. Those checks are as follows:

| | Date | Amount | Contract | Check Number |
|---|---|---|---|---|
| A. | 6/18/10 | $28,689.42 | 77 920 928 | 1641552008 |
| B. | 6/18/10 | $29,055.00 | 94 550 029 | 1740164944 |
| C. | 6/18/10 | $36,750.00 | 94 602 336 | 1740164946 |
| D. | 6/17/10 | $29,860.42 | 94 550 031 | 1740164894 |

**TOTAL:** **124,354.84**

16. Upon information and belief, Hecker and Rowan converted the Prudential check proceeds to cash, Western Union money orders and preloaded Mastercards. Hecker thereafter provided Western Union money orders to Rowan who spent the funds.

17. Rowan has assisted Hecker in converting assets of the bankruptcy estate both as detailed herein and otherwise.

18. Rowan was charged by felony information on various charges by the U.S. Government on April 8, 2010. Among the charge asserted against Rowan was bankruptcy fraud.

19. On March 15, 2011, Rowan was sentenced to 14 months in federal prison for, among other charges, bankruptcy fraud.

20. Defendant Christi M. Rowan has filed no answer, defense, or response of any kind to the Amended Complaint within the 30-day time period allowed by Rule of Bankruptcy Procedure 7012(a). However, Defendant Christi M. Rowan has responded to the Trustee's Motions for Contempt.

21. The Summons and Complaint were duly served on Defendants by certified mail, return receipt requested, and by first-class mail on September 22, 2010. The Amended

Complaint was duly served on Defendants by certified mail, return receipt requested, and by first-class mail on October 25, 2010.

22. I request that the Court enter a default judgment against Defendant Christi M. Rowan for the following:

    (a) Permanently enjoining Defendant Christi M. Rowan from using, disposing, transferring, encumbering, secreting or destroying any and all estate property, including estate property concealed by Defendants.

    (b) Permanently enjoining Defendant Christi M. Rowan from using, removing, concealing, disposing of or encumbering or transferring any personal property including all property purchased with money from the cashing of the Prudential checks.

    (c) For such other and further relief as the Court deems just and equitable.

**FURTHER YOUR AFFIANT SAYETH NOT.**

                                        /e/ Randall L. Seaver
                                        _____
                                        Randall L. Seaver

436371

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:　　　　　　　　　　　　　　　　　　　　　　　Case No.: 09-50779
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Chapter 7
Dennis E. Hecker,

　　　　　　Debtor.

Randall L. Seaver, Trustee,　　　　　　　　　　　　ADV Case No. 10-5032

　　　　　　Plaintiff,

vs.

Dennis E. Hecker and
Christi M. Rowan,

　　　　　　Defendants.

## UNSWORN CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2011, I caused the following documents:

> *Application for Default Judgment, Affidavit of Default, Identification, Military Status and Amount Due, Affidavit on the Merits and Amount Due and Findings of Fact, Conclusions of Law, and Order for Judgment*

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice pursuant to Local Rule 9006-1(a).

I further certify that I caused a copy of the foregoing documents to be mailed by first-class mail, postage paid, to the following:

Christi M. Rowan
c/o Sherburne County Jail
13880 Highway 10
13880 Business Center Drive
Elk River, MN 55330-4601

Dated: April 13, 2011
/e/ Stephanie Wood
_____

Stephanie Wood
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
(612) 332-1030

437347

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:                                                         Case No.: 09-50779
Chapter 7

Dennis E. Hecker,

        Debtor.

Randall L. Seaver, Trustee,                               ADV Case No. 10-5032

        Plaintiff,

vs.

Dennis E. Hecker and
Christi M. Rowan,

        Defendants.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT**

This matter came before the court on plaintiff's application for entry of default judgment against defendant Christi M. Rowan.

Based upon the application and all of the files and records in this matter, the court makes the following:

### **FINDINGS OF FACT**

1.        The plaintiff is the trustee in the debtor's case.

2.        This bankruptcy case was commenced on June 4, 2009, by the filing of a voluntary Chapter 7 petition.

3. The summons and complaint were duly served on defendants by certified mail, return receipt requested and the amended complaint was duly served on defendants by certified mail, return receipt requested, and/or by first class mail on October 25, 2010.

4. Defendant Christi M. Rowan has failed to answer.

5. At the time of filing, defendant Dennis E. Hecker possessed an interest in life insurance policies. He scheduled certain policies in his Schedule B.

6. As to the cash value of the scheduled policies, at item B9 of his schedule B, defendant declared, under penalty of perjury, the following:

> "9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each.
>
> See Exhibit B (9) attached hereto. Some policies held by trusts. Records seized by debtor believes one policy has cash surrender value.
> - $12,000.00"

7. For the "one policy with cash surrender value" of $12,000.00, Hecker claimed an $8,400.00 exemption.

8. On or about July 16, 2010, the trustee learned that Hecker had deposited a $30,000.00 insurance check at 21st Century Bank and that the bank had, after opening the account, frozen the same and returned the funds to Hecker.

9. The trustee subsequently learned that Hecker had obtained the $30,000 insurance check from Prudential Life Insurance Company.

10. The trustee further learned that Hecker had obtained the $30,000 check by converting property of the bankruptcy estate through a surrender of, or loan against, Prudential Policy 98 831 668.

11. After Hecker opened an account at 21st Century Bank and deposited the $30,000 Prudential check (which he had converted), 21st Century Bank became concerned.

12. Hecker had attempted to pay certain personal expenses with the 21st Century Bank account before it was frozen.

13. On June 18, 2010, Hecker received a $30,000 cashier's check from 21st Century Bank representing the closure of the account. Hecker cashed the check and received $30,000 in cash on June 18, 2010.

14. The trustee received information that Hecker was utilizing a check cashing service named "Your Exchange." On August 17, 2010, the trustee filed a turnover motion seeking an order of this court directing Your Exchange and Prudential to turnover records to the trustee.

15. On or about August 27, 2010, the trustee received documents from Your Exchange, which indicated that the Hecker and Rowan had been using Your Exchange to cash checks.

16. Among the checks cashed by Hecker are four additional checks liquidating (or obtaining loans against) Prudential insurance policies which were property of the bankruptcy estate. Those checks are as follows:

|    | **Date** | **Amount** | **Contract** | **Check Number** |
|----|----------|------------|--------------|------------------|
| A. | 6/18/10  | $28,689.42 | 77 920 928   | 1641552008       |
| B. | 6/18/10  | $29,055.00 | 94 550 029   | 1740164944       |
| C. | 6/18/10  | $36,750.00 | 94 602 336   | 1740164946       |
| D. | 6/17/10  | $29,860.42 | 94 550 031   | 1740164894       |
|    | **TOTAL:** | **124,354.84** | | |

17. Hecker and Rowan converted the Prudential check proceeds to cash, Western Union money orders and preloaded Mastercards. Hecker thereafter provided Western Union money orders to Rowan who spent the funds.

18. Rowan has assisted Hecker in converting assets of the bankruptcy estate both as detailed herein and otherwise.

19. Rowan was charged by felony information on various charges by the U.S. Government on April 8, 2010. Among the charge asserted against Rowan was bankruptcy fraud.

20. On March 15, 2011, Rowan was sentenced to 14 months in federal prison for, among other charges, bankruptcy fraud.

## **CONCLUSIONS OF LAW**

1. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334. This case arises under 11 U.S.C. §§541, 544, 548, 550 and 551 and under Minn. Stat. §§513.44 and 513.45.

2. Defendant Christi M. Rowan is in default pursuant to Bankruptcy Rule 7055 and Rule 55 of the Federal Rules of Civil Procedure.

3. Plaintiff is entitled to entry of judgment on all counts of his complaint.

**ORDER FOR JUDGMENT**

1.      Defendant Christi M. Rowan is permanently enjoined from using, disposing, transferring, encumbering, secreting or destroying any and all estate property, including estate property concealed by defendants.

2.      Defendant Christi M. Rowan is permanently enjoyed from using, removing, concealing, disposing of or encumbering or transferring any personal property including all property purchased with money from the cashing of the Prudential checks.

LET JUDGMENT BE ENTERED ACCORDINGLY.

_____

_____

436373