UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:            BKY 09-50779
           Chapter 7

Dennis E. Hecker,

      Debtor.

Randall L. Seaver, Trustee,            ADV 10-5032

      Plaintiff,

v.

Dennis E. Hecker and
Christi M. Rowan,

      Defendants.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT**

This proceeding is before the court on plaintiff's application for entry of default judgment against defendant Christi M. Rowan.

Based on the application and the file, the court makes the following:

**FINDINGS OF FACT**

1.    The plaintiff is the trustee in the debtor's case.

2.    This bankruptcy case was commenced on June 4, 2009, by the filing of a voluntary chapter 7 petition.

3. The summons and complaint were duly served on defendants by certified mail, return receipt requested and the amended complaint was duly served on defendants by certified mail, return receipt requested, and/or by first class mail on October 25, 2010.

4. Defendant Christi M. Rowan has failed to answer.

5. At the time of filing, defendant Dennis E. Hecker possessed an interest in life insurance policies. He scheduled certain policies in his Schedule B.

6. As to the cash value of the scheduled policies, at item B9 of his schedule B, defendant declared, under penalty of perjury, the following:

> "9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each.
>
> See Exhibit B (9) attached hereto. Some policies held by trusts. Records seized by debtor believes one policy has cash surrender value.
> - $12,000.00"

7. For the "one policy with cash surrender value" of $12,000.00, Hecker claimed an $8,400.00 exemption.

8. Hecker deposited a $30,000.00 insurance check at 21st Century Bank and the bank had, after opening the account, froze the same and returned the funds to Hecker.

9. Hecker had obtained the $30,000 insurance check from Prudential Life Insurance Company.

2

10. Hecker had obtained the $30,000 check by converting property of the bankruptcy estate through a surrender of, or loan against, Prudential Policy 98 831 668.

11. After Hecker opened an account at 21st Century Bank and deposited the $30,000 Prudential check (which he had converted), 21st Century Bank became concerned.

12. Hecker had attempted to pay certain personal expenses with the 21st Century Bank account before it was frozen.

13. On June 18, 2010, Hecker received a $30,000 cashier's check from 21st Century Bank representing the closure of the account. Hecker cashed the check and received $30,000 in cash on June 18, 2010.

14. Hecker was utilizing a check cashing service named "Your Exchange." On August 17, 2010, the plaintiff filed a turnover motion seeking an order directing Your Exchange and Prudential to turn over records to the plaintiff.

15. On or about August 27, 2010, the plaintiff received documents from Your Exchange, which indicated that the Hecker and Rowan had been using Your Exchange to cash checks.

16. Among the checks cashed by Hecker are four additional checks liquidating (or obtaining loans against) Prudential insurance policies which were property of the bankruptcy estate. Those checks are as follows:

|   | **Date** | **Amount** | **Contract** | **Check Number** |
|---|---|---|---|---|
| A. | 6/18/10 | $28,689.42 | 77 920 928 | 1641552008 |
| B. | 6/18/10 | $29,055.00 | 94 550 029 | 1740164944 |
| C. | 6/18/10 | $36,750.00 | 94 602 336 | 1740164946 |
| D. | 6/17/10 | $29,860.42 | 94 550 031 | 1740164894 |
|   | **TOTAL:** | **124,354.84** |   |   |

17. Hecker and Rowan converted the Prudential check proceeds to cash, Western Union money orders and preloaded Mastercards. Hecker thereafter provided Western Union money orders to Rowan who spent the funds.

18. Rowan has assisted Hecker in converting assets of the bankruptcy estate both as detailed herein and otherwise.

19. Rowan was charged by felony information on various charges by the U.S. Government on April 8, 2010. Among the charge asserted against Rowan was bankruptcy fraud.

20. On March 15, 2011, Rowan was sentenced to 14 months in federal prison for, among other charges, bankruptcy fraud.

## **CONCLUSIONS OF LAW**

1. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334. This case arises under 11 U.S.C. §§541, 544, 548, 550 and 551 and under Minn. Stat. §§513.44 and 513.45.

2. Defendant Christi M. Rowan is in default pursuant to Bankruptcy Rule 7055 and Rule 55 of the Federal Rules of Civil Procedure.

3. The plaintiff is entitled to judgment on all counts of his complaint.

**ORDER FOR JUDGMENT**

1. Defendant Christi M. Rowan is permanently enjoined from using, disposing, transferring, encumbering, secreting or destroying any and all estate property, including estate property concealed by defendants.

2. Defendant Christi M. Rowan is permanently enjoined from using, removing, concealing, disposing of or encumbering or transferring any personal property including all property purchased with money from the cashing of the Prudential checks.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: *April 19, 2011*

/e/ Robert J. Kressel
ROBERT J. KRESSEL
UNITED STATES BANKRUPTCY JUDGE

NOTICE OF ELECTRONIC ENTRY AND FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *04/19/2011*
Lori Vosejpka, Clerk, by AMM